# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Richard Disco,      :
         Petitioner      :
         :
         v.      :      No. 1615 C.D. 2016
         :      Submitted: August 25, 2017
Pennsylvania Board of Probation      :
and Parole,      :
         Respondent      :

BEFORE:    HONORABLE ROBERT SIMPSON, Judge
             HONORABLE MICHAEL H. WOJCIK, Judge
             HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**            **FILED: January 8, 2018**

This factually intricate appeal features the interplay between the roles of the Pennsylvania Board of Probation and Parole (Board) and the Department of Corrections (DOC) in calculating a recidivist inmate's credits for time served and calculating the maximum date of his sentence. In particular, Richard Disco (Disco), an inmate representing himself, appeals from an order of the Board that extended his maximum sentence date based on a greatly delayed restructuring of credits by DOC.

Disco challenges the Board's authority to modify a sentence that expired almost *10 years* earlier, and for which he completed his term. He argues that modification of a completed sentence, without an intervening order of court, violates his due process rights. To the extent the Board has such authority despite the delay, Disco asserts the Board did not specify that he was required to serve his unexpired term. Based on the unique circumstances here, we reverse.

# I. Background

Following Disco's initial arrest for burglary in 1985, the Board paroled and recommitted Disco multiple times as a technical parole violator (TPV). Initially, Disco was incarcerated based on an aggregated sentence of 4 to 15 years for robbery, burglary, and violation of probation-receiving stolen property under inmate number AY-8150 (Original Sentence). The sentencing order specified certain periods of credit. The effective date of his sentence was 9/27/1986, and his maximum sentence date was 11/4/2001. The maximum date of Disco's Original Sentence is at issue in this appeal.

In 1997, while on parole from the Original Sentence, he was arrested in Montgomery County for theft by deception. Following his conviction,[1] he was subsequently recommitted as a convicted parole violator (CPV), and *the maximum sentence date on his Original Sentence was changed to 6/19/2007.*

While on parole in 2001, Disco committed additional technical parole violations that led to his recommitment for 12 months, with a custody for return date of 5/20/2001. Certified Record (C.R.) at 93 (Bd. Decision, 7/25/01). *His maximum sentence date on his Original Sentence remained 6/19/2007.* Disco was eligible for parole review on May 14, 2002.

However, while Disco was in custody, in August 2001, based on a criminal complaint, the Philadelphia Police Department issued a warrant for his arrest for conduct on May 19, 2001. C.R. at 161. The Board did not lodge a detainer.

---

[1] In October 1999, Disco was paroled to his detainer sentence (21 months - 4 years) under inmate number ED-7569.

Id. at 160.  Also, at that time, the Board did not take any action acknowledging the pending charges.  It is unclear whether the Board was aware of the arrest as late as May 8, 2002, when preparing the case for review.  Id. at 159-60.  Based on the arrest, the Board modified its earlier action, stating it would review Disco for parole after May 2002, and that the maximum date was subject to change pending disposition of the charges.

Disco remained in custody while awaiting trial on the Philadelphia charges.  After a jury trial in the Philadelphia Court of Common Pleas (trial court), he was found guilty on May 19, 2003.  Disco appealed.

Shortly thereafter, the Board provided Disco with notice of the charges and its intent to hold a revocation hearing based on his most recent convictions.  Disco waived his right to a panel hearing and his right to counsel.  At the time of the revocation hearing, Disco's sentencing was deferred.  A detainer was filed as of October 2, 2003.  C.R. at 287.

Based on the Philadelphia County convictions, in October 2003, the Board recommitted Disco to serve a total of 36 months as a TPV/CPV.  It also deleted the maximum sentence date, to add "when available."  C.R. at 283.

On appeal, the Superior Court vacated the sentence and remanded to the trial court.  On June 8, 2006, the trial court re-sentenced Disco to an aggregated term of 10-20 years (Current Sentence).

Prior to resentencing, the Board issued an action on January 5, 2006, that referred to its 2003 recommitment. Relevant here, it stated *a new maximum date of 5/14/2009 on his Original Sentence*. Disco appealed this decision to the Board, objecting to the new maximum sentence date. After the Board denied his appeal, he petitioned for review to this Court. We *affirmed the maximum sentence date* based on the record at the time. See Disco v. Pa. Bd. of Prob. & Parole (Pa. Cmwlth., No. 529 C.D. 2006, filed October 5, 2006) (unreported) (Prior Opinion).

However, subsequent to filing of our Prior Opinion, *DOC (not the Board) performed recalculations that changed the 5/14/2009 maximum sentence date that we affirmed*[2] (2006 Recalculation). According to correspondence from DOC staff, DOC made credit adjustments and recomputed Disco's sentence based on information received from Philadelphia. C.R. at 325 (Email from S. Travis-Jamison dated 11/20/06). *Based on DOC's 2006 Recalculation, by decision dated December 4, 2006, the Board rescinded the decision we affirmed in the Prior Opinion, and changed the maximum sentence date on his Original Sentence to 8/4/2006* (2006 Decision).

Disco filed an administrative appeal of the 2006 Decision to the Board as to the calculation of his backtime. He argued any time served after May 20, 2004, "should be applied to any detainer sentence," i.e., Current Sentence. C.R. at 333. Importantly, *the Board affirmed the 2006 Decision, thus confirming the maximum sentence date of 8/4/2006*. Id. at 336. It advised that Disco should direct his

_____

[2] The record reflects the Department of Corrections (DOC) received the trial court's sentencing orders, including its resentencing order in June 2006 as to the Current Sentence, and a county sentence of 30 days for contempt dated June 25, 2002, for which he received credit for time served. Certified Record (C.R.) at 327-30.

4

calculation objections to DOC.  As Disco did not petition for review, *the Board's 2006 Decision became final.  Thus, Disco completed serving his Original Sentence on August 4, 2006*.

Nine years later, DOC (not the Board) again recalculated Disco's Original Sentence.[3]  A report by DOC staff reflects that DOC recalculated the credit awarded in 2006 to remove a duplicate credit it discovered at that time.  C.R. at 347.  That removal of credit led to the **8/4/2006** maximum sentence date.  During its October 2015 review, however, DOC determined it should not have removed the duplicate credits because it did so without a letter from the sentencing judge.  Instead, it relied on a letter from the sentencing judge's judicial clerk.  DOC construed this Court's <u>Oakman</u>[4] decision to apply retroactively; on that basis, *DOC re-applied the credits that it "removed in error*," C.R. at 348, in 2006 (2015 Recalculation).

Significantly, DOC did not believe there would be any material change to Disco's sentence.  C.R. at 344 ("I think <u>the [B]oard could</u> just note the restructure of the computation under the AY8150 [Current Sentence] and <u>close out the case as of 8/4/06 in accordance with the [B]oard action dated 12/4/2006</u>.") (emphasis added).  Nevertheless, *based on DOC's 2015 Recalculation, without explanation, the Board*

---

[3] The timing of DOC's review coincides with an original jurisdiction action Disco filed against DOC on September 30, 2015, docketed at 479 M.D. 2015, in which he challenged the amount of backtime.  He argued he was serving 16 months more backtime than his maximum sentence allowed without an order from a court or the Board.  DOC filed preliminary objections, which this Court sustained.  <u>See</u> Order (Pa. Cmwlth., No. 479 M.D. 2015, filed April 7, 2016).

[4] <u>Oakman v. Dep't of Corr.</u>, 903 A.2d 106 (Pa. Cmwlth. 2006) (holding DOC must apply credit in accordance with sentencing order, regardless of alleged illegality of credit).

5

*rescinded its 2006 Decision, and reinstated the maximum sentence date of 5/14/2009 as to his Original Sentence.* C.R. at 349-50 (2015 Decision).

Disco filed an administrative appeal of the Board 2015 Decision, in February 2016. He attached the Board's final decision affirming its 2006 Decision, including the 8/4/2006 maximum sentence date. He emphasized the Board's 2006 Decision did not specify he was to serve his unexpired term. Additionally, he wrote letters in June and August of 2016 seeking recourse when DOC amended the effective date on his Current Sentence from 3/23/2006 to 12/31/2008 based on the Board's 2015 Decision.

On August 22, 2016, the Board dismissed his appeal as untimely. Accordingly, the Board did not explain the basis for its 2015 Decision.

Disco petitioned for review to this Court. On appeal, the Board noted the timeliness of Disco's administrative appeal under the prisoner mailbox rule.[5] Both parties briefed the merits, and the Board supplemented the certified record to include DOC's most recent sentence status summary.

---

[5] Under the prisoner mailbox rule, timeliness is calculated from the date an uncounseled prisoner placed mail in the prison mailbox. Kittrell v. Watson, 88 A.3d 1091 (Pa. Cmwlth. 2014).

6

## II. Discussion

On appeal,[6] Disco argues the Board lacks the authority to rescind an order that changed the maximum sentence date on an expired sentence. He asserts that allowing the Board to change the maximum sentence date almost 10 years after its expiration violates his due process rights, and has the effect of altering a judicially- imposed sentence. He also contends he was not required to serve his unexpired term on his Original Sentence without an order from the Board.

This appeal presents a complex sentencing history. Relevant here, on two occasions, almost a decade apart, DOC restructured Disco's sentence to correct alleged improper credits. Based on DOC's restructures, the Board changed Disco's maximum sentence date for his Original Sentence received in January 1987 without intervening parole violations or sentencing orders from the courts.

The Board and DOC "are charged with faithfully implementing sentences imposed by the courts." Comrie v. Dep't of Corr., 142 A.3d 995, 1001 (Pa. Cmwlth. 2016). DOC, not the Board, is responsible for calculating sentences in accordance with a sentencing court's orders. Forbes v. Pa. Bd. of Prob. & Parole, 931 A.2d 88 (Pa. Cmwlth. 2007). However, when the Board takes action based on DOC's recalculations, including recalculation of a parolee's original sentence maximum date, an inmate properly seeks redress from the Board. Id.; see Nickson v. Pa. Bd. of Prob. & Parole, 880 A.2d 21 (Pa. Cmwlth. 2005).

---

[6] "Our review of the Board's decision is limited to determining whether constitutional rights were violated, whether the decision is in accordance with the law, or whether necessary findings are supported by substantial evidence." Kerak v. Pa. Bd. of Prob. & Parole, 153 A.3d 1134, 1138 n.9 (Pa. Cmwlth. 2016).

7

The Prisons and Parole Code, 61 Pa. C.S. §§101–7123 (Code), provides that any parolee who commits a crime punishable by imprisonment while on parole, and is convicted of that crime may be recommitted as a CPV. 61 Pa. C.S. §6138(a)(1). If a parolee is recommitted, he must serve the remainder of the term on his original sentence that he would have been compelled to serve had parole not been granted, with no credit for time spent at liberty on parole, unless the Board elects to award credit. 61 Pa. C.S. §6138(a)(2), (2.1). The date when the Board obtains authority to recommit a parole violator is the date from which any backtime owed is calculated.

"Back[time] is that part of an existing judicially-imposed sentence which the Board directs a parolee to complete following a finding ... that the parolee violated the terms and conditions of parole, and before the parolee begins to serve the new sentence." Yates v. Pa. Bd. of Prob. & Parole, 48 A.3d 496, 499 (Pa. Cmwlth. 2012) (emphasis added). A recommitment "is an administrative determination that the parolee should be reentered to serve all or part of the unexpired term of his original sentence;" it does not alter the original sentence. Id. (quoting Rivenbark v. Pa. Bd. of Prob. & Parole, 501 A.2d 1110, 1113 (Pa. 1985)).

## A. Mootness

Before addressing the merits, we consider the Board's argument that our Prior Opinion renders Disco's appeal moot. Because this Court upheld the 5/14/2009 maximum sentence date now disputed, the Board contends that date remains legally valid despite subsequent recalculations by DOC and the Board. We disagree.

8

Significantly, we issued our Prior Opinion in October 2006. DOC performed its 2006 Recalculation as to Disco's Original Sentence weeks later. Based on DOC's 2006 Recalculation, the Board, in turn, issued its 2006 Decision which established 8/4/2006 as the maximum sentence date and which rescinded several Board actions pertaining to the Original Sentence. When Disco filed an administrative appeal, the Board issued a decision affirming its 2006 Decision. C.R. at 352.

Based on the rescissions of the Board's decisions and DOC's sentence recalculations, the record upon which this Court affirmed the maximum sentence date has changed materially since we issued our Prior Opinion. These actions by DOC and the Board in 2006 post-date our Prior Opinion, and they are central to this dispute. Because these subsequent events materially alter the record, our Prior Opinion does not render the current dispute moot.

In addition, this appeal presents a different Board decision and different legal arguments from those underlying our Prior Opinion.[7] The Board decision here, dated January 2016, did not exist at the time of our Prior Opinion, and so was not before this Court. Nor were the reasons for recalculating Disco's maximum sentence date before us at that time.

Further, Disco's challenge to the Board order relates, in part, to the more than nine-year delay in changing the maximum date on his Original Sentence. He questions the Board's authority to alter an expired sentence, and the lack of due

---

[7] Also, since we issued the 2006 Opinion, the law materially changed as to credits for time spent at liberty on parole. See Pittman v. Pa. Bd. of Prob. & Parole, 159 A.3d 466 (Pa. 2017).

process in recalculating his maximum sentence date, almost a decade after the sentence was served, without a court order.  Accordingly, we consider the merits.

## B. Merits

### 1. Maximum Sentence Date on Original Sentence

Disco argues the Board lacked authority to alter a maximum sentence date after his Original Sentence expired.  Assuming the Board had authority over his Original Sentence beyond his maximum sentence date, Disco asserts the Board's 2015 Decision is unclear.  Disco posits that the Board's order must specify whether he was to serve the unexpired term on his Original Sentence.

Disco frames the issue as one of fairness, and violations of his rights to due process because DOC and the Board rescinded actions that he believed were resolved in 2006.  Although Disco complains the Board (and by extension DOC) was not permitted to alter an expired sentence, this Court has not so held.  Forbes.

In Forbes, the inmate filed a mandamus action against DOC and the Board challenging DOC's aggregation of two sentences after each sentence expired. The sentences, of 10-20 years and 7-15 years, were to be served consecutively. Through a recordkeeping error, DOC did not aggregate the sentences as required by the Sentencing Code, 42 Pa. C.S. §9757, until the day *after* the inmate reached his maximum date on his second sentence.[8]

---

[8] The Board paroled Forbes to start serving his second sentence after he served the minimum term of 10 years on his first sentence, when the minimum term, under aggregation, was 17 years.

10

Forbes argued DOC's 25-year delay in discovering its failure to aggregate his sentences violated his due process rights. He also challenged the Board's authority to rescind its decision to parole him from his first sentence to his second sentence 15 years later. Despite the long delay, and the inmate's expectation as to his release date, we upheld DOC's authority to correct its records. Id. Specifically, we reasoned "it is not fundamentally unfair to allow [DOC] to correct its error and to require that [the inmate] serve the sentence that he actually received." Id. at 94. Because the Sentencing Code required aggregation of the sentences, DOC had a duty to implement that aggregation, regardless of the inmate's expectations.

Accordingly, delay alone does not preclude DOC or the Board from correcting recordkeeping errors to ensure an inmate serves his court-ordered term. However, the facts in this case are materially distinguishable from those in Forbes.

Here, unlike Forbes, there is no indication that Disco did not serve his Original Sentence in accordance with sentencing court orders. Also in stark contrast, Forbes conceded that his recalculated sentence was "legally correct." Id. at 92. The Board draws our attention to no recordkeeping error that required correction in 2015 in order to comply with court orders or the Sentencing Code. Indeed, in its brief, the Board does not refute Disco's claim that he completed his Original Sentence.

Importantly, the Original Sentence has not changed since 2006. Disco has been incarcerated since May 2001. There have been no intervening sentencing orders to trigger the 2015 Recalculation. Further, DOC apparently believed the 2015 Recalculation would not affect the Original Sentence because that sentence closed.

11

See C.R. at 344; see also id. at 5 (DOC Sentence Status Summary dated 1/29/14). The Board did not argue to the contrary, or offer any explanation for rescinding its 2006 Decision.

Moreover, in this case, Disco challenged the 2006 Decision that included his maximum sentence date of 8/4/2006. The Board affirmed that decision; Disco did not appeal. Indeed, in arguable reliance on the Board's 2006 Decision, Disco did not follow the Board's advice that he direct any calculation dispute to DOC at that time.[9]

Facially, it appears Disco completed his Original Sentence.[10] It is axiomatic that an inmate may not serve additional prison time over the time ordered by the sentencing courts. Oakman. Of note, the Board cites no legal authority to support alteration of a sentence that has been completed almost a decade earlier.

Further, the Board relied on DOC's 2015 Recalculation when it altered the 8/4/2006 maximum sentence date. From our review of the record, it appears DOC recalculated Disco's sentences without an intervening court order. The Board offers no other explanation for altering a sentence that was fully served.

---

[9] However, in 2010, in a mandamus action against DOC (No. 596 M.D. 2010), Disco challenged the effective date of his Current Sentence. Relevant here, DOC filed preliminary objections to dismiss the mandamus complaint, reaffirming that his Original Sentence was completed on *August 4, 2006*, making the effective date of his Current Sentence August 5, 2006. See DOC Preliminary Obj., ¶15. In a *per curiam* order, this Court sustained DOC's *demurrer*. See Order dated April 26, 2011. Our Supreme Court denied Disco's application for leave to file an appeal out of time. See Disco v. Dep't of Corr., (Pa., No. 91 WM 2011, filed March 28, 2012).

[10] In January 1987, Disco was sentenced to the Original Sentence of 4-15 years. To date, more than 16 years have elapsed since his most recent release.

12

Parolees are entitled to constitutional due process on appeal. Pittman v. Pa. Bd. of Prob. & Parole, 159 A.3d 466 (Pa. 2017). At a minimum, that requires the Board to articulate a reason for its adverse decisions.

Here, the Board did not articulate a reason for rescinding the 2006 Decision other than DOC's 2015 Recalculation.[11] Yet, DOC did not believe its recalculation would alter the Original Sentence because Disco completed it on 8/4/2006. The Board stated no basis for adjusting the maximum sentence on the Original Sentence despite its completion. Most importantly, it also does not dispute that Disco fully served his Original Sentence. Mindful of due process principles, and absent any record support for requiring a change to a fully-served sentence, we discern merit in Disco's appeal.

## 2. Current Sentence

Lastly, Disco argues that DOC used "the Board['s] [2015 Order] to make changes to his [C]urrent [S]entence." Pet'r's Br. at 13. The maximum sentence date on his Original Sentence is relevant because it dictates the effective date of his Current Sentence, from which his time served is calculated. To the extent Disco challenges DOC's most recent calculation of his Current Sentence, his redress lies against DOC, not the Board. See Lawrence v. Dep't of Corr., 941 A.2d 70 (Pa. Cmwlth. 2007). Disco did not join DOC as a party. Nickson. Therefore, we only

---

[11] Although the Board did not issue a substantive decision on the merits, we decline to remand because the attendant delay may result in Disco serving more than his judicially-imposed sentence.

13

grant relief as to the Board's order rescinding the 2006 Decision setting forth the 8/4/2006 maximum sentence date on his Original Sentence.[12]

### III. Conclusion

Based on this record, where it appears that Disco completed his Original Sentence on 8/4/2006, the Board's order is reversed.

_____
ROBERT SIMPSON, Judge

---

[12] An inmate may seek relief from both DOC and the Board in the same action. See, e.g., Comrie v. Dep't of Corr., 142 A.3d 995 (Pa. Cmwlth. 2016); Forbes v. Pa. Bd. of Prob. & Parole, 931 A.2d 88 (Pa. Cmwlth. 2007). Naming both agencies allows this Court to review a complete record, and to assess all the decisions impacting the inmate's sentence dates at one time.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Richard Disco,                        :
            Petitioner        :
                              :
            v.                        :  No. 1615 C.D. 2016
                              :
Pennsylvania Board of Probation       :
and Parole,                           :
            Respondent        :

## **O R D E R**

**AND NOW**, this 8th day of January, 2018, the order of Pennsylvania Board of Probation and Parole is **REVERSED**.

 

                                _____
                                ROBERT SIMPSON, Judge