# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Wesley Urch,                              :
                Petitioner      :
                                :
           v.                         :    No. 138 M.D. 2017
                                :
Commonwealth of Pennsylvania,             :    Submitted: October 6, 2017
Department of Corrections,                :
Secretary John E. Wetzel,                 :
SCI-Forest Superintendent                 :
Michael D. Overmyer, and All              :
Records Department of Corrections         :
Supervisors, and Attorney General,        :
                Respondents     :

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
             HONORABLE ANNE E. COVEY, Judge
             HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**          **FILED: February 16, 2018**

This original jurisdiction action focuses generally on the language of complex sentencing orders covering numerous counts. More particularly, we must consider how to calculate certain sentences designated as "consecutive" when there is a dispute as to the point at which the consecutive sentences begin to run.

Before us are the Department of Corrections' (DOC) second set of preliminary objections in the nature of a demurrer filed on behalf of Respondents. Wesley Urch (Urch), an inmate at the State Correctional Institution at Forest (SCI-Forest), representing himself, filed a petition for review seeking mandamus relief from excessive confinement. He alleges DOC, DOC Secretary John Wetzel,

Superintendent Michael Overmyer, various DOC staff in the Records Department and the Attorney General (collectively, DOC), erred in implementing his sentencing orders, and aggregating his sentence. Upon review, we dismiss the preliminary objections as moot in part, sustain them in part, and overrule them in part.

## I. Background

Urch filed a petition for review in the nature of mandamus seeking relief from the aggregation of his sentences, and an ancillary writ of *habeas corpus*. DOC filed preliminary objections. In response, Urch amended his petition for review claiming excessive confinement, adding details and several attachments, including a chart depicting his view of the start and end date for his various sentences.[1]

The amended petition sets forth the following pertinent factual allegations. In 1991, Urch began his confinement under three sentencing orders signed by Judge Stephanie Domitrovich of the Erie County Court of Common Pleas pertaining to burglary, simple assault, and lesser offenses. The orders corresponded to three separate dockets, No. 1111, No. 1112,[2] and No. 1168 of 1991, collectively containing sentences of varied lengths for 35 counts, both concurrent and consecutive, starting on April 5, 1991 (Original Sentence).

In 1997, Urch was paroled from his Original Sentence. While on parole, he was arrested for driving under the influence (DUI). Urch was then housed for 93

[1] Prior to filing his amended petition, Urch filed an "amendment" seeking to add a claim for alleged violations of the Department of Corrections' (DOC) telephone use policy. However, this Court dismissed the amendment as unauthorized and directed Urch to file a complete amended petition for review as to his excessive confinement claims. Urch complied.

[2] Urch was sentenced to 1½ to 3 years for one count of criminal attempt, served concurrently.

days in a rehabilitation center. In 1998, Urch pled guilty to the offense. In 1999, Judge (now Senior Judge) John A. Bozza, also in Erie County, sentenced Urch to serve 6-12 months <u>consecutive</u> to his Original Sentence, effective December 8, 1998 (DUI Sentence). The sentencing order also credited Urch for 93 days of time served.

The Clerk of Courts of Erie County confirmed that the sentencing judges issued no modification orders as to either the Original Sentence or the DUI Sentence. Am. Pet. at ¶10; <u>see</u> Ex. H (March 2017 Correspondence as to Docket Nos. 1111, 1112 and 1168 of 1991). Urch alleges DOC incorrectly aggregated his sentences in violation of the Sentencing Code, 42 Pa. C.S. §9757.

In addition, Urch contends DOC erred when it restructured his sentences following his DUI conviction. He alleges DOC lacked the authority to restructure his sentences without an intervening judicial modification of his sentencing orders. He asserts DOC improperly aggregated his Original Sentence with his DUI Sentence when the Commonwealth has no authority over the shorter, county sentence. This restructuring changed his sentence so as to extend the maximum date up to 10 years. Absent DOC's improper aggregation, Urch claims the maximum date on his Original Sentence was October 5, 2001, or April 5, 2002.[3] At that time, he claims he should have been constructively paroled to his DUI Sentence.

Subsequently, while on parole in 2007, Urch was charged and convicted of homicide by vehicle and involuntary manslaughter. On November 5, 2008, Urch

---

[3] The Third Order sentences Urch to serve 2-4 years "consecutively to Count 1 [of this order] <u>and</u> Count 22 of [the First Order]." Am. Pet., Ex. A (Third Order) (emphasis added).

was sentenced to 22½ to 45 years in prison (New Sentence). As a result, the maximum sentence date for his aggregated sentences changed to July 16, 2017.

Urch asserts DOC's improper aggregation and restructuring extended his Original Sentence beyond its expiration in October 2001. Specifically, he alleges DOC's actions "affected the overall length of the total incarceration term because the sentencing order of [the Original Sentence] reflects that the consecutive counts are ran [sic] back in subsequent sequence to concurrent sentences which makes them begin on different dates and end on different dates opposed to aggregation …." Am. Pet. (Supp.) at ¶13.

Essentially, Urch seeks relief from the aggregation of his Original and DUI Sentences, and a credit for any time served beyond the expiration of those sentences to his New Sentence. He asserts DOC erred in implementing his Original Sentence by improperly aggregating the consecutive sentences within it. In addition, he requests sentence status summaries from DOC to establish his claims.

Because the amended petition mooted its initial preliminary objections, we ordered DOC to respond. DOC then filed a second set of preliminary objections.[4]

As to the excessive confinement claims, DOC asserts Urch fails to state a claim for which relief may be granted. DOC argues Urch did not establish a clear

---

[4] In this set of preliminary objections, DOC demurs to an alleged wiretapping claim. See Prelim. Obj. at ¶¶10, 33-38. However, the amended petition contains no such claim. Thus, DOC's preliminary objections seem to relate, in part, to the unauthorized amendment that this Court struck.

right to recalculation of his sentences in the manner requested. DOC also maintains that aggregation of his consecutive sentences was mandatory.

Urch filed a response to DOC's second set of preliminary objections, explaining his claim is limited to the excessive confinement allegations. After briefing, the matter is now ready for disposition.

## II. Discussion

Pursuant to Pa. R.C.P. No. 1028(a)(4), DOC filed preliminary objections to Urch's amended petition in the nature of a demurrer. DOC's demurrer pertains to two purported claims, (1) "sentence calculation," and (2) "wiretap claims." Prelim. Obj. at 4, 6 (headings); ¶¶33-38 (wiretap claims).

In considering a demurrer, we accept as true all well-pled material allegations in the petition, as well as all inferences reasonably deducible therefrom. Aviles v. Dep't of Corr., 875 A.2d 1209 (Pa. Cmwlth. 2005). Further, we may also consider any "documents or exhibits attached to [the complaint]." Lawrence v. Dep't of Corr., 941 A.2d 70, 71 (Pa. Cmwlth. 2007). However, conclusions of law and unjustified inferences are not so admitted. Allen v. Dep't of Corr., 103 A.3d 365 (Pa. Cmwlth. 2014). We may sustain preliminary objections in the nature of a demurrer only when, based on the facts pled, it is clear that the complainant will be unable to prove facts legally sufficient to establish a right to relief. Humphrey v. Dep't of Corr., 939 A.2d 987 (Pa. Cmwlth. 2007), aff'd, 955 A.2d 348 (Pa. 2008).

5

In addition, courts reviewing preliminary objections may not only consider the facts pled in the complaint, but also any documents or exhibits attached to it. Lawrence. However, we need not accept as true any averments in the complaint that conflict with attached exhibits. Id.

## A. Wiretap Claim

We first address DOC's demurrer to the wiretap claim.

DOC asserts Urch attempts to state a claim for a violation of its internal telephone policy, and "federal wiretap laws." Prelim. Obj. at ¶33. The pleading before us is Urch's amended petition. Urch's amended petition does not set forth any allegations as to an alleged violation of DOC's telephone policy or wiretap laws.

Our review of the record reflects that the only submission that made any allusion to a policy violation or wiretap claim was Urch's "amendment." Prior to dismissing DOC's initial preliminary objections as moot, this Court "dismissed [the amendment] as unauthorized without prejudice to petitioner to file a complete amended petition related solely to his sentence calculation claim." Cmwlth. Ct., per curiam order, filed May 22, 2017. Urch complied with our order, filing a document entitled "Amended Petition," as well as a supplement to it, on or about June 2, 2017.

Because the amended petition does not include a wiretap claim, and we previously dismissed the pleading containing that claim, DOC's demurrer to the wiretap claim is dismissed as moot.

6

## B. Excessive Confinement

In its demurrer to the excessive confinement claims, DOC argues Urch seeks to compel it to recalculate his sentences without aggregation. "[T]he proper method by which a prisoner could challenge the aggregation of his sentences was through a mandamus action." Gillespie v. Dep't of Corr., 527 A.2d 1061, 1064 (Pa. Cmwlth. 1987), appeal denied, 540 A.2d 535 (Pa. 1988). Thus, despite his protests to the contrary, we deem Urch's amended petition as seeking mandamus relief in our original jurisdiction. Forbes v. Dep't of Corr., 931 A.2d 88 (Pa. Cmwlth. 2007).

"A proceeding in mandamus is an extraordinary remedy at common law, designed to compel the performance of a ministerial act or mandatory duty." Allen, 103 A.3d at 369 (citing McCray v. Dep't of Corr., 872 A.2d 1127 (Pa. 2005)). "The purpose of mandamus is not to establish legal rights, but to enforce those rights already established beyond peradventure." Id. This Court may only issue a writ of mandamus where: (1) the petitioner possesses a clear legal right to enforce the performance of a ministerial act or mandatory duty; (2) the defendant possesses a corresponding duty to perform the act; and, (3) the petitioner possesses no other adequate or appropriate remedy. Id.

DOC has a mandatory duty to "faithfully implement[t] sentences imposed by the courts," and to properly compute an inmate's sentence. Comrie v. Dep't of Corr., 142 A.3d 995, 1001 (Pa. Cmwlth. 2016). Where DOC's computation does not comply with a sentencing order, mandamus offers an appropriate remedy. Id. However, mandamus is not an appropriate remedy to cure an illegal sentencing order. Aviles.

Here, Urch alleges DOC erred in implementing the sentencing orders. Specifically, he complains DOC improperly aggregated his consecutive sentences. He claims this error is two-fold: (1) the Original Sentence is comprised of terms that run consecutively to concurrent terms; and, (2) the DUI Sentence cannot be combined with the Original Sentence. He asserts the DUI Sentence is not subject to aggregation with the Original Sentence because it is a county sentence. He also avers DOC erred in restructuring his sentence to extend his maximum sentence date after his DUI conviction in 1998.

Aggregation of consecutive sentences is mandatory. Gillespie; 42 Pa. C.S. §9757. When a court determines that a sentence should be served consecutively to one previously imposed, the sentences are likewise subject to aggregation. Gillespie.

## 1. Aggregation of DUI and Original Sentences

Here, the language of the 1999 sentencing order corresponding to the DUI Sentence is clear; it states time shall "be served <u>consecutive</u> to [Original] Sentence."[5] Am. Pet., Ex. E (emphasis added). To the extent Urch seeks to challenge the legality of the sentencing order, his redress lies with the sentencing court. Commonwealth v. Isabell, 467 A.2d 1287 (Pa. 1983).

Once the sentencing court imposes a consecutive sentence, aggregation is mandatory notwithstanding that the term is a county sentence of less than 2 years. Gillespie; see Commonwealth v. Tilghman, 673 A.2d 898 (Pa. 1996). For this reason,

---

[5] In addition, Urch's conviction on parole triggered the maximum term on his Original Sentence.

we discern no merit in Urch's claim that his DUI Sentence cannot be aggregated with his Original Sentence because it is a county sentence. Therefore, we sustain DOC's demurrer as to Urch's claim that the DUI Sentence and the Original Sentence are not subject to aggregation. That claim within Urch's amended petition is dismissed. See Am. Pet. at ¶¶6-9; Supp. at ¶¶5-10.

## 2. Aggregation of Counts in Original Sentence

In its preliminary objections, DOC alleges, "[d]espite attaching more voluminous sentencing documentation to the amended [p]etition, [Urch] still fails to indicate how [DOC] has incorrectly calculated his sentence." Prelim. Obj. at ¶29; see also Resp'ts' Br. at 9. As to the alleged improper aggregation of the multiple counts within his Original Sentence, we disagree.

The Original Sentence is set forth in three separate sentencing orders. The first order (Dkt. No. 1111) contains 24 counts, with sentences of varying lengths, some of which are concurrent, and others consecutive (First Order). The second order (Dkt. No. 1112) consists of one sentence of 1½-3 years "to be served concurrently to Count 22" of the First Order (Second Order). The third order (Dkt. No. 1168) contains 10 counts, with both concurrent and consecutive sentences (Third Order).

### (a) First Order

As detailed below, the language of the First Order is somewhat unusual, but it informs our analysis.

In the First Order, Count 1 set a sentence of 3-6 years, "to be served from April 5, 1991." Am. Pet., Ex. A (First Order).

Further, Counts 7, 10, 18 and 22 specified terms "to be served consecutively" to the preceding count. Id. Thus, the sentence as to Count 7 stated in full: "an indefinite term the minimum of which shall be Two (2) years and the maximum Four (4) years to be served consecutively to Count 6 of the above number." Id. (emphasis added). The sentence as to Count 10 provided: "an indefinite term the minimum of which shall be Two (2) years and the maximum Four (4) years to be served consecutively to Count 9 of the above number." Id. (emphasis added). Similarly, the sentence in Count 18 was consecutive to Count 17, and that of Count 22 was consecutive to Count 21.

In addition, the First Order stated Counts 4, 5, 8, 11, 12, 15, 16, 19, 20, 23 and 24 merged.

The remaining counts specified shorter sentences "to be served concurrently" to the preceding, non-merged count. Id. Thus, as to Count 2, the First Order sentenced Urch to: "an indefinite term the minimum of which shall be One (1) year and the maximum Two (2) years to be served concurrently to Count 1 of the above number." Id. Similarly, the term for Count 3 set a minimum of 10 months and a maximum of 2 years "to be served concurrently to Count 2," the immediately preceding non-merged count. Id.

10

Significantly, <u>none</u> of the sentences in the First Order stated that any of the terms shall be consecutive to Count 1. Rather, the consecutive sentences contained in Counts 7, 10, 18 and 22, are run consecutive to Counts 6, 9, 17 and 21, respectively, which are all concurrent sentences of a shorter duration than the term set in Count 1.

DOC takes the position that Urch was sentenced to serve Counts 1, 7, 10, 18 and 22 consecutively.[6] Prelim. Obj. at ¶25. DOC essentially contends that a consecutive sentence begins to run when all prior sentences are satisfied. We acknowledge that this is a common approach to calculating consecutive sentences.

Thus, pursuant to DOC's approach, under the Count 1 sentence of 3-6 years, the minimum ended on April 5, 1994, the maximum on April 4, 1997. Running the terms in Counts 7, 10, 18 and 22 consecutive to Count 1 would add the various consecutive terms: 3-6 years (Count 1) + 2-4 years (Count 7) + 2-4 years (Count 10) + 2-4 years (Count 18) + 2-4 years (Count 22). Using that approach, DOC's total is 11 to 22 years. Urch assigns error in this calculation.

Urch emphasizes that his consecutive sentences should not be added to the Count 1 sentence of 3-6 years. Instead, the later consecutive sentences are effective when the immediately preceding count sentence is satisfied. Thus, service on the later consecutive sentences need not await satisfaction of all the prior sentences.

---

[6] DOC then alleges that Count "22 [was] identified to be served concurrently to Count 1." Prelim. Obj. at ¶26. Thus, the preliminary objections are internally inconsistent.

11

For example, Urch alleges that the Count 7 sentence of 2-4 years, expressly runs <u>consecutive to Count 6</u>. The Count 6 sentence is a 10 months to 2 years <u>concurrent</u> sentence.[7] Under this reading, the Count 7 sentence was triggered when Urch satisfied the minimum and maximum of his Count 6 sentence, <u>i.e.</u>, when Urch served 10 months to 2 years. Under Urch's approach, service of all his later First Order consecutive sentences (Counts 7, 10, 18, 22) was improperly delayed.

Essentially, Urch contends DOC erred in implementing the Original Sentence because it disregarded when the consecutive terms began to run. He claims DOC thus disregarded key facets of the First Order.

Urch's proffered interpretation of the First Order is consistent with its language. Relevantly, DOC's implementation is not obviously consistent with the unusual language of the First Order, presuming DOC aggregated the Original Sentence as set forth in its preliminary objections.

### (b) Second Order

Turning to the Second Order, it consists of a single *concurrent* sentence. However, in its preliminary objections, DOC states the Second Order contained a *consecutive* sentence of 1½ - 3 years. <u>See</u> Prelim. Obj. at ¶27. In this regard, DOC's preliminary objections are inconsistent with the language of the sentencing order. To the extent DOC aggregated this sentence with Urch's consecutive sentences, it erred.

---

[7] "A consecutive sentence is one that commences at the termination of a prior sentence. A concurrent sentence is one that is served simultaneously with the sentence or sentences with which it is concurrent." <u>Commonwealth v. Borrin</u>, 80 A.3d 1219, 1229, 1222 n.5 (Pa. 2013).

## (c) Third Order

Like the First Order, the Third Order consists of both consecutive and concurrent terms, in which the consecutive terms run from the preceding, concurrent sentence. Specifically, as to Count 1, Urch was sentenced to 1½-3 years "to be served concurrently to [the Second Order]." Am. Pet., Ex. A (Third Order). Thus, Count 1 did not increase his confinement.

The Third Order also contained two consecutive sentences, for Count 3 and for Count 7. As to Count 3, it set a sentence of 2-4 years "consecutively to [both] Count 1 of [the Third Order] and Count 22 of [the First Order.]" Id. (emphasis added). As to Count 7, the Third Order set a term of 2-4 years "to be served consecutively to Count 3 of [the Third Order]." Id.

DOC's aggregation of the consecutive sentence set forth in Count 3 is unclear. If it is run consecutive to Count 1, then the 2-4 year sentence would start following the concurrent sentence of 1½-3 years from the Second Order. If Count 3 is run consecutive to the other consecutive sentence on Count 22 of the First Order, that would result in an addition of 4-8 years to the term in the First Order. In determining whether DOC properly implemented the Original Sentence, this Court needs to be able to discern how it construed its composite parts, including this aspect of the Third Order.

13

### (d) Summary

In sum, Urch's amended petition alleges improper aggregation of the sentences in the above orders comprising his Original Sentence. At this early stage, it is unclear how DOC aggregated Urch's complex, multi-count Original Sentence.

DOC's interpretation of the three sentencing orders necessarily affects its implementation, including aggregation of the Original Sentence. At a minimum, in its preliminary objections, DOC contends the Second Order contains a consecutive sentence of 1½-3 years, when the language states the sentence is concurrent. Concurrent sentences are not subject to mandatory aggregation. Therefore, it appears on the face of the submissions that there is a discrepancy between DOC's aggregation and the language of the sentencing orders.

Before we will sustain a demurrer, we must determine that the well-pled allegations are legally insufficient to state a claim for which relief may be granted. Humphrey. Because DOC did not establish that Urch will be unable to sustain a claim for improper aggregation of his Original Sentence, we dismiss DOC's demurrer as to that claim.

### III. Conclusion

For the foregoing reasons, DOC's preliminary objections are sustained in part and overruled in part. We sustain DOC's preliminary objection as to Urch's claim as to the improper aggregation of his DUI Sentence and his Original Sentence.

14

We dismiss as moot DOC's demurrer to a wiretapping claim, and we overrule DOC's demurrer to Urch's claim that DOC did not implement the Original Sentence in accordance with the three 1991 sentencing orders. DOC shall file an answer. We encourage DOC to attach available, explanatory documents to an answer, including relevant sentence status summaries, and a transcript from the 1991 sentencing hearing, if any.

 

ROBERT SIMPSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Wesley Urch, :
               Petitioner :
                :
         v. : No. 138 M.D. 2017
                :
Commonwealth of Pennsylvania, :
Department of Corrections, :
Secretary John E. Wetzel, :
SCI-Forest Superintendent :
Michael D. Overmyer, and All :
Records Department of Corrections :
Supervisors, and Attorney General, :
             Respondents :

## O R D E R

**AND NOW**, this 16th day of February, 2018, Respondents' preliminary objections in the nature of a demurrer are addressed as follows:

(1) **DISMISSED IN PART AS MOOT** as to the alleged wiretapping claim;

(2) **SUSTAINED IN PART** as to the improper aggregation of Petitioner's 1991 and 1999 sentences; and,

(3) **OVERRULED IN PART** as to the Department of Corrections' (DOC) alleged error in implementing the original sentencing orders issued in 1991 so as to extend Petitioner's confinement beyond the judicially-imposed term.

Accordingly, paragraphs 6 through 9 of the amended petition, and paragraphs 5 through 10 of the supplement appended thereto are **STRICKEN**. Respondents are **ORDERED** to answer the remaining allegations within 30 days of the date of this order.

_____
ROBERT SIMPSON, Judge