**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 1, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROBERT C. COMRIE,

        Petitioner - Appellant,

v.

J. M. WILNER,

        Respondent - Appellee.

No. 09-1230

(D. Colorado)

(D.C. No. 1:09-CV-00871-ZLW)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **HENRY**, and **O'BRIEN**, Circuit Judges.

    Robert M. Comrie, a federal prisoner, appeals the denial of his pro se application for writ of habeas corpus under 28 U.S.C. § 2241. The application challenges the refusal of the federal Bureau of Prisons (BOP) to credit his federal sentence for time spent in state and federal custody before entering federal prison. We AFFIRM the judgment of the district court.

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.    BACKGROUND

On January 19, 2002, Mr. Comrie was arrested by a Pennsylvania state trooper on a federal arrest warrant.  Two days later, while he was being held in a county jail awaiting transfer to Ohio to face the federal charges, new criminal charges were filed against him in Pennsylvania state court.  On February 4 the United States District Court for the Northern District of Ohio issued a writ of *habeas corpus ad prosequendum* to bring Mr. Comrie to that court to stand trial on the federal charges.  Mr. Comrie was convicted on the federal charges on September 20.  He was then returned to Pennsylvania state custody, where he was convicted and sentenced on his state charges, before being transferred back to federal custody (on a second writ of *habeas corpus ad prosequendum*) for sentencing on the federal charges.  On February 25, 2003, Mr. Comrie was sentenced in federal court to 100 months' imprisonment, to be served consecutively to any state sentence.  *See United States v. Comrie*, 136 F. App'x 883 (6th Cir. 2005) (appeal from conviction and initial sentence).  He was returned to state custody a month later to complete his state sentence.  On December 22, 2004, he was released to federal marshals to begin his federal sentence.  All the time spent by Mr. Comrie in federal or state custody before December 22 was credited to his state sentence.

On April 15, 2009, Mr. Comrie filed his § 2241 application in the United States District Court for the District of Colorado.  He challenged the BOP's

refusal to award him credit against his federal sentence for all his time in custody from the date of his arrest by state officials on federal charges (January 19, 2002) until his release to federal marshals (December 22, 2004). Mr. Comrie argued that the federal government had primary jurisdiction over him from the time that we was arrested on January 19, 2002, and that it was only through error by the federal marshals that he was placed in state custody. He contended that because it was not his fault that he was not continuously in federal custody, he is entitled to credit toward his federal sentence for his time in state custody. Mr. Comrie repeats this argument on appeal.

## II. DISCUSSION

"The computation of a federal sentence requires consideration of two separate issues. Initially, we determine the commencement date of the federal sentence and then turn to the extent to which a defendant can receive credit for time spent in custody prior to commencement of sentence." *Binford v. United States*, 436 F.3d 1252, 1254 (10th Cir. 2006). A federal statute governs the commencement date: "A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). As we emphasized in *Binford*, "A federal sentence does not commence until a prisoner is actually received into federal custody for that purpose." 436 F.3d at 1255.

Mr. Comrie's federal sentence clearly did not commence until December 22, 2004, when the State of Pennsylvania released him to federal marshals to be transported to federal prison. *See* 18 U.S.C. § 3585(a). Complications may arise if a convicted person is delivered to a federal prison before being sent to state custody and later returned to federal prison. *See Binford*, 436 F.3d 1252; *Weekes v. Fleming*, 301 F.3d 1175, 1179 (10th Cir. 2002). But no such complication arose here.

As for credit for time in custody before December 22, 2004, we look to 18 U.S.C. § 3585(b), which states:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

Because Mr. Comrie's time in custody from January 19, 2002, to December 22, 2004, was credited to his Pennsylvania sentence, he was not entitled to credit under § 3585(b).

Mr. Comrie nevertheless argues that he was entitled to credit under BOP Program Statement 5880.30 (PS 5880.30). To be sure, if it applied in this case, he might benefit from it. The relevant portion of that program statement says:

> (1) For time in non-federal custody when the non-federal custody is based on charges that later resulted in a federal sentence.
>
> (a) *Credit shall be given for all time spent in non-federal or foreign custody when the underlying basis for custody in fact is a federal warrant.* For example, if a federal warrant is issued and the defendant is arrested by county police or foreign officials on the basis of the federal warrant, credit shall be given from the date of arrest to the date of sentence for all days in custody. Inquiries or requests for foreign presentence time credit, along with copies of the judgment and commitment and copies of any documentation in the institution or in the possession of the prisoner, must be sent to the Chief of Inmate Systems Management for verification.

PS 5880.30, ch. VI § 7(c) (emphasis added). PS 5880.30 was promulgated under 18 U.S.C. § 3568, which stated, in relevant part:

> The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence. *The Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed.*

(emphasis added).

But § 3568 does not apply here. It was repealed effective November 1, 1987, by Pub. L. No. 98-473, tit. II, § 212(a)(2), 98 Stat. 1987 (1984). For offenses committed after November 1, 1987, the new statutory provision, § 3585(b), applies. *See* 18 U.S.C. § 3585; PS 5880.28, ch. I § 3(c) (explaining

change in controlling law).  Because Mr. Comrie's offenses were committed in 1999-2000, s*ee Comrie*, 136 F. App'x at 886–87, the new statute governs his sentence.

In light of the statutory mandates, we fail to see the relevance of Mr. Comrie's primary-jurisdiction argument.  But in any event, the undisputed evidence demonstrates that if the United States began with primary jurisdiction over Mr. Comrie, it promptly yielded that jurisdiction to Pennsylvania.  Primary jurisdiction is a doctrine of comity, and the sovereigns involved can agree however they wish regarding which shall assume custody of a prisoner.  *See Weekes*, 301 F.3d at 1180 (Although "[t]he sovereign that first acquires custody of a defendant in a criminal case is entitled to custody until it has exhausted its remedy against the defendant[,] . . . [t]he law of comity is such that . . . two sovereigns may decide between themselves which shall have custody of a convicted prisoner . . . ." (internal quotation marks omitted)).  The federal government acknowledged that it had ceded primary jurisdiction to Pennsylvania when it used a writ of *habeas corpus ad prosequendum* to gain temporary custody over Mr. Comrie to prosecute him and later to sentence him, on each occasion returning him to state custody.  *See Binford*, 436 F.3d at 1255–56 (determining that the state had primary custody over a prisoner when the federal government obtained custody from the state by a writ of *habeas corpus ad prosequendum*); *Weekes,* 301 F.3d at 1181 (presuming that Idaho relinquished custody when (1) it

allowed the United States to take exclusive physical custody of the prisoner without producing either a written request for temporary change of custody or a writ of *habeas corpus ad prosequendum* and (2) it later used such a writ to regain custody of the prisoner for a probation-violation hearing).

## III.   CONCLUSION

We AFFIRM the judgment of the district court. We GRANT Mr. Comrie's motion for leave to proceed *in forma pauperis*.  We DENY his motions for voluntary dismissal of the appeal, filed on October 27, 2009, and November 12, 2009, and his January 12, 2010, motion for severance and transfer of venue.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge