IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Robert C. Comrie, | : | |
|           Petitioner | : | |
| | : | No. 350 M.D. 2015 |
|       v. | : | |
| | : | Submitted: December 31, 2015 |
| PA Department of Corrections; and | : | |
| PA Board of Parole and Probation, | : | |
| etc., | : | |
|           Respondents | : | |

BEFORE:    HONORABLE DAN PELLEGRINI, President Judge[1]
               HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION BY
JUDGE McCULLOUGH                        FILED: June 29, 2016

Presently before this Court are the preliminary objections of the Pennsylvania Department of Corrections (DOC) and the Pennsylvania Board of Parole and Probation (PBPP) (collectively, respondents) to the *pro se* petition for review in the nature of mandamus[2] (petition) filed by Robert C. Comrie (Comrie). In his petition, Comrie seeks immediate release from incarceration alleging that his re-incarceration two years after completion of his state sentence is illegal. For the reasons that follow, the respondents' preliminary objections are sustained in part and overruled in part.

---

[1] This case was assigned to the opinion writer on or before December 31, 2015, when President Judge Pellegrini assumed the status of senior judge.

[2] Comrie's petition was entitled "Writ of Mandamus," which we will treat as a petition for review in the nature of mandamus in our original jurisdiction. *See* Pa.R.A.P. 1503.

## Factual and Procedural History

This case has an extensive factual and procedural history. The summary of relevant facts has been gathered from the petition itself and the prior decisions of the Superior Court[3] and the federal court[4] in Comrie's case.

On or about January 19, 2002, a Pennsylvania state trooper arrested Comrie on a federal arrest warrant. While in county jail awaiting transfer on the federal charges, the Pennsylvania State Police, on February 1, 2002, separately charged Comrie with possession of marijuana with the intent to distribute, conspiracy to possess marijuana with the intent to distribute, and other, related crimes. Comrie was then convicted on the federal charges[5] and, on February 25, 2003, the federal court sentenced Comrie to 100 months' imprisonment, which was to be served consecutive to any state sentence.

Comrie was returned to state custody[6] to stand trial on the state charges in the Court of Common Pleas of Clearfield County (trial court). On or about October 3, 2002, Comrie entered a guilty plea and the trial court sentenced

---

[3] *Commonwealth v. Comrie* ("*Comrie Superior I*") (Pa. Super., No. 1232 WDA 2011, filed May 31, 2012); *see also Commonwealth v. Comrie* ("*Comrie Superior II*") (Pa. Super., No. 551 WDA 2012, filed February 26, 2013) (quoting extensive factual and procedural history contained in *Comrie Superior I*).

[4] *Comrie v. Wilner* ("*Comrie Federal*"), 380 F.App'x 783 (10th Cir. 2010).

[5] Comrie was convicted for firearms violations and for making false statements in connection with firearm purchases. *See Comrie Superior I*, slip op. at 2 (citing *United States v. Comrie*, 136 F.App'x 883 (6th Cir. 2005)).

[6] Comrie was determined to be in state custody for the time period of January 19, 2002 to December 22, 2004. The federal government obtained temporary custody for the purposes of the federal trial and sentencing pursuant to writs of *habeas corpus ad prosequendum*. Federal custody did not commence until Comrie began serving his federal sentence on December 22, 2004. *Comrie Federal*, 380 F.App'x at 785.

2

him to a term of three to five years' imprisonment. Comrie filed a petition under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§9541-9546, claiming ineffective assistance of counsel. The trial court granted Comrie's PCRA petition and ordered a new trial.

Prior to the new trial, Comrie pled guilty to the charge of possession of marijuana with the intent to deliver. On December 17, 2004, the trial court sentenced Comrie to two to four years' imprisonment. Pursuant to a negotiated plea agreement, the trial court determined that Comrie's state sentence was to be served consecutive to any federal sentence currently being served. Comrie did not appeal the sentencing order dated December 17, 2004 (Sentencing Order) and his judgment of sentence became final on January 17, 2005. On December 22, 2004, Comrie was released to federal custody to begin serving his federal sentence. *See Comrie Federal*, 380 F.App'x at 784-85.

On December 11, 2009, while still serving his federal sentence, Comrie filed a PCRA petition with the trial court with respect to its 2004 Sentencing Order. Comrie argued, *inter alia*, that his state sentence was illegal because he was not properly granted credit for time served prior to sentencing – from January 19, 2002 to December 22, 2004 (pre-sentence credit).[7] By order dated June 9, 2011, the trial court granted Comrie's PCRA petition solely as to Comrie's request for the pre-sentence credit. Therefore, the trial court's June 9, 2011 order (Amended Sentencing Order) amended the Sentencing Order to credit Comrie for the time he spent in state custody from January 19, 2002 to December

---

[7] Although Comrie was sentenced in state court on December 17, 2014, he was in state custody pending the commencement of his federal sentence on December 22, 2004. *Comrie Federal*, 380 F.App'x at 785.

22, 2004. Comrie appealed the Amended Sentencing Order to the Superior Court (*Comrie Superior I).* Although Comrie had been granted the pre-sentence credit, he argued that the trial court erred in denying his remaining claims pertaining to, *inter alia*, Clearfield County Prison's erroneous lodging of a detainer against him on December 12, 2008 when he had already served most of his state sentence, and ineffective assistance of counsel during the plea process.

On appeal, the Superior Court indicated that all of Comrie's arguments pertained to his conviction and sentence and came within the purview of the PCRA, which provided the sole means for relief. However, the Superior Court determined that (1) Comrie's 2009 PCRA petition was untimely, (2) the Superior Court lacked subject matter jurisdiction, and (3) both it and the trial court lacked authority to grant Comrie any relief under the PCRA. In a memorandum and order dated May 31, 2012 (Vacating Order), the Superior Court ruled that "**[t]he portion of the [trial] court's order granting [Comrie] post-conviction collateral relief is void and must be vacated; in all other respects, we affirm the denial of PCRA relief**." *Comrie Superior I*, slip op. at 5-6 (emphasis supplied).

On or about July 8, 2015, Comrie filed the instant petition with this Court. Comrie avers that he was returned to state custody on June 21, 2012 to complete his state sentence of two to four years. Comrie maintains that, on February 14, 2013, he was released on parole which has since been completed. Importantly, Comrie contends that he completed his state sentence on June 15, 2013. He asserts that the Philadelphia parole authorities confirmed the completion of his parole and state sentence on June 18, 2013. (Petition, ¶¶7, 10-13, 28, 31, 35(B).)

4

Comrie alleges that the respondents re-incarcerated[8] him on May 29, 2015, to complete the same state sentence. In doing so, Comrie avers that the respondents have removed his pre-sentence credit, to which he was entitled and received upon completion of his sentence in June of 2015. Comrie states that the respondents' determination that time remains on his state sentence is based on their mistaken belief that the *Comrie Superior I* Vacating Order eliminated the pre-sentence credit. On June 16, 2015, Comrie contends that he received a new DC-16E form, which calculated a new maximum sentence date of September 30, 2018. He asserts that state correctional authorities noted on the form that they released Comrie to parole authorities "in error" on February 14, 2013. (Petition, ¶¶6-7, 15-18, 28, 31-32, 35(B), 40, 42, 54.)

Comrie asserts that the respondents are illegally detaining him and requests this Court to enter an order directing respondents to immediately release him. From what this Court can glean from Comrie's petition, Comrie contends that he is entitled to the pre-sentence credit due to the trial court's Amended Sentencing Order, as well as section 9760 of the Sentencing Code, 42 Pa.C.S. §9760 (relating to credit for time served).[9] Further, Comrie maintains that the

---

[8] A detainer/bench warrant for Comrie's re-incarceration in state custody was issued on May 15, 2015.

[9] Section 9760(1) provides:

> After reviewing the information submitted under section 9737 (relating to report of outstanding charges and sentences) the court shall give credit as follows:
>
> (1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for

**(Footnote continued on next page…)**

5

respondents have already applied the pre-sentence credit when they confirmed that his sentence was complete in June of 2015. To the extent he was released in error by the respondents, Comrie asserts that it was through no fault of his own. By re-incarcerating him, Comrie contends, the respondents have violated his right to serve his sentence continuously and have caused him to serve his sentence in installments. Comrie argues entitlement to credit for the time he was at liberty between (1) the date of his release on parole (February 14, 2013) and/or completion of his sentence (June 15, 2013); and (2) the date of his re-incarceration (May 20, 2015). (Petition, ¶¶6-7, 15-18, 27-32, 34-35, 38-40, 47-48, 54.)

Comrie alleges that respondents' actions have violated numerous rights guaranteed by the Pennsylvania Constitution and Pennsylvania statutes, including but not limited to those pertaining to the "deliberate indifference" standard and the prohibitions against ex post facto laws and double jeopardy. (Petition, ¶¶20-21, 28, 37, 44-47.)

In their preliminary objections[10] to Comrie's petition,[11] the respondents contend that the Vacating Order in *Comrie Superior I* eliminated the

---

**(continued…)**

> which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

42 Pa.C.S. §9760(1).

[10] In ruling on preliminary objections in the nature of a demurrer, this Court must accept as true all well-pled material allegations in the petition for review, as well as all inferences reasonably deducible therefrom. *Black v. Pennsylvania Department of Corrections*, 889 A.2d 672, 674 n.4 (Pa. Cmwlth. 2005). Conclusions of law and unjustified inferences, however, are **(Footnote continued on next page…)**

pre-sentence credit that the trial court awarded in its Amended Sentencing Order. Respondents assert that their duty is limited to carrying out the Sentencing Order, which awards no credit, and that respondents lack authority to change the terms of the Sentencing Order. Respondents contend that Comrie's re-incarceration was proper because he was required to serve time remaining on his state sentence. Respondents deny that Comrie served his state sentence in installments or that he is entitled to credit for time spent at liberty. Moreover, the respondents contend that Comrie has utilized and/or has available to him other means of relief. The respondents argue that, to the extent those avenues were not pursued or were unsuccessful, mandamus is improper.

## Discussion

A writ of mandamus is an extraordinary remedy available only to compel the performance of a ministerial act or mandatory duty on the part of a governmental body. *Commonwealth, ex rel. Powell v. Pennsylvania Department of Corrections (Powell),* 14 A.3d 912, 915 (Pa. Cmwlth. 2011) (citing *Barndt v. Department of Corrections,* 902 A.2d 589, 592 (Pa. Cmwlth. 2006)). In order for a writ of mandamus to issue, petitioner must establish a clear legal right to relief, a

---

**(continued…)**

not so admitted. *Allen v. Commonwealth, Department of Corrections*, 103 A.3d 365, 369 (Pa. Cmwlth. 2014). The court is required to sustain a demurrer where it is clear and free from doubt that the law will not permit recovery under the facts alleged. *Id.* Any doubt is resolved by a refusal to grant the demurrer. *Black*, 889 A.2d at 674 n.4.

[11] While respondents' preliminary objections sought to dismiss Comrie's petition in full, Comrie's claims raising the "deliberate indifference" standard, ex post facto laws, and double jeopardy were neither specifically objected to nor briefed by the respondents. Therefore, those claims will not be addressed in this decision.

corresponding duty in the respondent, and that petitioner has no other adequate remedy at law. *Tindell v. Department of Corrections*, 87 A.3d 1029, 1034 (Pa. Cmwlth. 2014). The purpose of mandamus is not to establish legal rights, but to enforce those rights "already established beyond peradventure." *Africa v. Horn*, 701 A.2d 273, 275 (Pa. Cmwlth. 1997). A petition for mandamus relief may be brought in this Court's original jurisdiction to compel the respondents to properly calculate a prisoner's sentence. *Barndt,* 902 A.2d at 598. The sentence imposed by a trial court is a question of law that involves no discretion on the part of the respondents; therefore, mandamus will lie to compel the respondents to properly compute a prisoner's sentence. *Powell,* 14 A.3d at 915.

**Time Credit for Pre-Sentence Custody**

Respondents are charged with faithfully implementing sentences imposed by the courts. *Allen*, 103 A.3d at 372; *see also Koehler v. Pennsylvania Board of Probation and Parole*, 935 A.2d 44, 54 (Pa. Cmwlth. 2007). The duty to apply credit for time served, however, is only implicated when the sentencing court directs that such action be taken. *McCray v. Department of Corrections*, 872 A.2d 1127, 1133 (Pa. 2005). The respondents lack the authority to interpret or change sentencing provisions. *Allen,* 103 A.3d at 372. If the sentencing court did not order a credit, the respondents cannot award it. *McCray*, 872 A.2d at 1133; *see also Hoyt v. Pennsylvania Department of Corrections and Pennsylvania Board of Parole and Probation*, 79 A.3d 741, 742 (Pa. Cmwlth. 2013).

The critical inquiry is to determine what the sentencing court actually intended. *Allen*, 103 A.3d at 371. The text of the sentencing order is determinative of the court's intentions and the sentence imposed. *Id.* We are limited to the

8

language of the sentencing order itself, despite any oral statements the sentencing court may have made to the contrary. *Powell,* 14 A.3d at 915-16 (citing *Commonwealth v. Green*, 335 A.2d 392, 393 (Pa. Super. 1975)).

Here, Comrie seeks mandamus relief for a credit representing time served in prison prior to sentencing, i.e., from January 19, 2002, to December 17, 2004.[12] While we recognize that the trial court later awarded Comrie a credit in its Amended Sentencing Order, it is clear that the *Comrie Superior I* Vacating Order specifically voided the credit. As respondents lack the authority to award the pre-sentence credit, their duty is limited to carrying out the original terms of the Sentencing Order dated December 17, 2004. Because the trial court did not award the pre-sentence credit in its Sentencing Order, there is nothing for the respondents to recalculate. *See Hoyt,* 79 A.3d at 742.

Where a sentencing court does not provide for the credit in the sentencing order, the remedy is in the trial court and through the direct appeal process.[13] *Armbruster v. Pennsylvania Board of Probation & Parole,* 919 A.2d 348, 356 (Pa. Cmwlth. 2007); *Commonwealth v. Mann*, 957 A.2d 746, 751 (Pa. Super. 2008). A challenge to the trial court's failure to award a pre-sentence credit involves the legality of sentence and is cognizable under the PCRA, which is the exclusive vehicle for relief. *Commonwealth v. Jackson*, 30 A.3d 516, 521 (Pa.

---

[12] In seeking the pre-sentence credit, Comrie utilizes the dates of December 17, 2004 (date of the trial court's sentencing order) and December 24, 2004 (date released to federal custody) interchangeably.

[13] An inmate may raise such a challenge "by way of an objection at the sentencing hearing, on post-sentence motions, on direct appeal to the Superior Court, or by way of a petition under the PCRA." *Allen*, 103 A.3d at 372-73.

Super. 2011); *Commonwealth v. Menezes*, 871 A.2d 204, 207-08 (Pa. Super. 2005). As noted in *Comrie Superior II*, Comrie's claim of entitlement to a credit falls exclusively within the confines of the PCRA. Because Comrie's judgment of sentence became final on January 17, 2005, it is clear that Comrie cannot circumvent the exclusive process under the PCRA by the filing of this petition.[14] *See Comrie Superior II,* slip op. at 5-6.

Moreover, we note that Comrie has filed an appeal in the Superior Court at *Commonwealth v. Comrie (Comrie Superior III)*, No. 1942 WDA 2015, which is currently pending. This appeal is from the trial court's order dated October 27, 2015, which denied multiple PCRA petitions filed by Comrie in June 2015 and thereafter. In the October 27, 2015 order, the trial court concluded that Comrie's "PCRA documents are untimely, serial PCRA petitions . . . the issues raised therein have been previously litigated; and there is no 'newly discovered evidence.'" (*Comrie Superior III*, Order dated 10/27/15 at ¶3.) The trial court concluded that it had no jurisdiction to entertain the petitions. *Id.* In the same order, the trial court denied Comrie's motions for clarification of (1) the Sentencing Order dated December 17, 2004, and (2) the Vacating Order in *Comrie Superior II*. *Id.* at ¶¶1-2, 4. Notably, the trial court determined that it did not have the ability to clarify a Superior Court decision and, thus, dismissed the motion at

---

[14] We note that, in *Comrie Federal*, the federal court addressed the time period of pre-sentence credit in its calculation of Comrie's federal sentence. The court looked to 18 U.S.C. §3585(b), which provided that Comrie was entitled to receive the pre-sentence credit only if the time had not been credited against another sentence. 380 F.App'x at 785. The *Comrie Federal* court found that "[b]ecause Mr. Comrie's time in custody from January 19, 2002, to December 22, 2004, was credited to his Pennsylvania sentence, he was not entitled to credit under §3585(b)." 380 F.App'x at 785. Similar to the discussion above, any relief sought or available pertaining to the *Comrie Federal* order does not lie with this Court in mandamus.

the trial court level without prejudice to Comrie should he wish to file such a motion directly with the Superior Court.

It is clear that Comrie is not entitled to relief in mandamus as to the pre-sentence credit. Therefore, the respondents' preliminary objections demurring to Comrie's petition based upon the pre-sentence credit are sustained.

**Credit for Time Spent Erroneously at Liberty**

While we have disposed of the preliminary objections demurring to the pre-sentence credit, Comrie also asserts that he is entitled to credit for time spent at liberty between his release on probation and/or date of completion of sentence (February 14, 2013 and June 15, 2013, respectively) and the date of his re-incarceration (May 20, 2015). His petition contains averments as to respondents' representation to him that the pre-sentence credit had been applied and, thus, he had fully completed his sentence in June of 2013. To the extent he was released in error, Comrie maintains that it was through no fault of his own. Comrie avers that he was re-incarcerated on that same sentence and that respondents are compelling him to serve his sentence in installments, in violation of his right to serve it continuously. Thus, the Court must determine if the petition states a cause of action which, if proven, would entitle Comrie to a credit for time spent erroneously at liberty.

In very narrow circumstances, courts have looked beyond whether a prisoner satisfied the statutory requirements for credit for time spent erroneously at liberty and have determined that equitable factors may weigh in favor of awarding the prisoner a credit. In *Jacobs v. Robinson*, 410 A.2d 959 (Pa. Cmwlth. 1980), a prisoner was erroneously released from prison due to a clerical error in recording

11

his sentence. *Id.* at 959-60. Upon discovery of the error, the prisoner was taken back into custody but charged with escape. As the escape charge was dismissed, this Court concluded that it was error not to credit the prisoner for his time spent in the community under the supervision of probation authorities. *Id.* There, we noted that "a prisoner cannot be compelled to serve a sentence in installments and has a right to serve his sentence continuously." *Id.*

In *Commonwealth v. Kriston*, 588 A.2d 898, 901 (Pa. 1991), a prisoner was released based upon prison authorities' erroneous understanding as to the manner in which a certain mandatory minimum sentence had to be served. In *Kriston*, prison authorities assured prisoner, prior to entering an electronic home monitoring program, that his time spent in the program would count toward his minimum sentence. The *Kriston* court held that, under such circumstances, denying the prisoner credit for time served in the program would constitute a manifest injustice. *Id.* In so concluding, the Supreme Court was persuaded by this Court's reasoning in *Jacobs* that a prisoner has a right to serve his sentence continuously rather than in installments and that the prisoner should be entitled to time spent at liberty due to prison authorities' error in releasing him. The Court noted that the consideration favoring the grant of a credit in *Kriston* was even stronger than that found in *Jacobs*. *Id.*

Viewing the averments of the petition in the light most favorable to Comrie, the petition states a cause of action that, if proven, would entitle Comrie to a credit for time spent erroneously at liberty. Comrie alleges that respondents applied and, thus, Comrie received, the pre-sentence credit upon respondents' confirmation that he had completed his state sentence. Under such circumstances, there would be no reason for Comrie to believe that his state sentence had not been

completed. A person in Comrie's position at the time of his release would be reasonable in relying on respondents' assurances to believe that the pre-sentence credit had been applied and no more time would be served. We also note that the *Comrie Superior I* Vacating Order was filed on May 21, 2012, well prior to the respondents' release of Comrie on parole (February 14, 2013) and completion of his sentence (June 15, 2013).

Based upon the equitable circumstances averred, we cannot conclude that the respondents have established, clearly and without doubt, that the law will not permit Comrie to recover with respect to his claim for a credit for time spent erroneously at liberty. Therefore, to the extent the respondents' preliminary objections demur to Comrie's petition based upon the credit for time spent erroneously at liberty, they are overruled.

## Conclusion

Respondents' preliminary objections as to Comrie's request for a pre-sentence credit is sustained; however, as to the averments pertaining to Comrie's entitlement to a credit for time spent erroneously at liberty, respondents' preliminary objections are overruled.

_____
PATRICIA A. McCULLOUGH, Judge

13

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert C. Comrie,                :
             Petitioner      :
                           :    No. 350 M.D. 2015
            v.           :
                           :
PA Department of Corrections; and    :
PA Board of Parole and Probation,    :
etc.,                               :
            Respondents    :

## *ORDER*

AND NOW, this 29th day of June, 2016, the preliminary objections filed by respondents, Pennsylvania Department of Corrections and Pennsylvania Board of Parole and Probation, to Robert C. Comrie's (Comrie) petition for review in the nature of mandamus are sustained in part and overruled in part, consistent with the foregoing opinion. The preliminary objections are sustained as to Comrie's averments based on a claim for pre-sentence credit, i.e., from January 19, 2002 to December 22, 2004, and such claim is dismissed. The preliminary objections are overruled as to averments pertaining to Comrie's claim of entitlement to credit for time spent erroneously at liberty, i.e. from either February 14, 2013 or June 15, 2013 to May 20, 2015. Respondents shall file an answer addressing this and any other remaining issues within thirty (30) days of the date of this order.

_____
PATRICIA A. McCULLOUGH, Judge