# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph [Anthony] Montgomery,      :
              Petitioner      :
          :
     v.      :    No. 525 M.D. 2015
          :    Submitted: April 6, 2018
Pennsylvania Department      :
of Corrections, et al.,      :
          Respondents    :

BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
               HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE ELLEN CEISLER, Judge

*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**          **FILED: August 22, 2018**

Before the Court in our original jurisdiction are cross-motions for judgment on the pleadings filed by Joseph Montgomery (Montgomery) and the Pennsylvania Department of Corrections (Department) to a petition for review in the nature of mandamus (Petition) filed by Montgomery, acting *pro se*. Montgomery asks this Court to direct the Department to recalculate his prison sentence. For the reasons that follow, we deny the parties' motions and dismiss Montgomery's Petition without prejudice.

The material facts of this case are not in dispute. On March 11, 2014, the Court of Common Pleas of Delaware County (sentencing court) sentenced Montgomery to a period of confinement of 11 months, 15 days to 23 months on

indictment CP6885-13 (First Sentence). On April 29, 2014, the sentencing court sentenced Montgomery on two additional indictments: 1 to 2 years on indictment CP4510-13 (Second Sentence), and 3 to 23 months on indictment CP3968-13 (Third Sentence). The sentencing forms provided that the Second Sentence would run consecutive to the First Sentence, and that the Third Sentence would run *concurrent* to the First Sentence and *consecutive* to the Second Sentence. Finally, on May 8, 2014, the sentencing court sentenced Montgomery to 30 to 72 months on indictment CP6055-13 (Fourth Sentence), which was to run consecutive to the prior sentences.

The Department calculated Montgomery's total sentence as 4 years, 8 months, 15 days to 11 years, 10 months. Montgomery challenged this calculation, first with the Department and then with the sentencing judge via letter. These challenges bore no relief to Montgomery. The Department determined that its calculation was correct, and the sentencing judge merely informed Montgomery via letter that the correct avenue to challenge the Department's calculation was through an original jurisdiction action in this Court. Thereafter, Montgomery filed the Petition, challenging the Department's calculation of his sentence. Specifically, Montgomery avers that, as the Third Sentence runs consecutive to the Second Sentence and concurrent with the First Sentence, his period of confinement should be 4 years, 5 months, 15 days to 9 years, 11 months.

In response, the Department filed a preliminary objection, arguing that Montgomery had not clearly pleaded facts that would afford him a clear right to relief. This Court overruled the Department's preliminary objection, concluding that the Department failed to demonstrate that Montgomery could not succeed on his claim.

2

Subsequently, the Department filed an answer and new matter, essentially denying Montgomery's allegation that it improperly calculated his sentence. After the close of pleadings, Montgomery filed a motion for judgment on the pleadings, arguing that a proper reading of the sentencing documents results in the conclusion that the Department improperly calculated his sentence. The Department responded in kind, filing its own motion for judgment on the pleadings, arguing that it correctly calculated Montgomery's sentence and that Montgomery is not entitled to judgment as a matter of law.

When ruling on a motion for judgment on the pleadings, we must view all of the opposing party's allegations as true, and only those facts that the opposing party has specifically admitted may be considered against the opposing party. *Casner v. Am. Fed'n of State, Cty. & Mun. Emp.'s*, 658 A.2d 865, 869 (Pa. Cmwlth. 1995). We may consider only the pleadings themselves and any documents properly attached thereto. *Id.* We may grant a motion for judgment on the pleadings only where there is no genuine issue of fact and the moving party is entitled to judgment as a matter of law. *Parish v. Horn*, 768 A.2d 1214, 1215 n.1 (Pa. Cmwlth. 2001), *aff'd*, 800 A.2d 294 (Pa. 2002).

The Department has a mandatory duty to "faithfully [implement] sentences imposed by the courts" and properly compute an inmate's sentence. *Comrie v. Dep't of Corr.*, 142 A.3d 995, 1001 (Pa. Cmwlth. 2016). The Department lacks the authority to interpret or change sentencing provisions. *Id.* "Where a trial court's sentencing order is legal on its face," an inmate may petition this Court

seeking a writ of mandamus[1] to compel the Department to properly compute his sentence. *Barndt v. Pa. Dep't of Corr.*, 902 A.2d 589, 598 (Pa. Cmwlth. 2006).

With the foregoing in mind, we now address the Department's motion for judgment on the pleadings. The Department argues that it correctly calculated and implemented Montgomery's sentence. In making this argument, however, the Department chooses to disregard the plain text of the sentencing order for the Third Sentence. Specifically, the Department argues:

> [Montgomery's] [s]entencing [o]rder for [the Third Sentence] . . . reflects the imposition of a 3-month to 23-month sentence . . . and indicates that this sentence shall be concurrent to [the First Sentence] and consecutive to [the Second Sentence]. *Although the [s]entencing order indicates this sentence is to run "concurrent" with [the First Sentence], it truly cannot run concurrent because all of the orders need to be read together, and [the First Sentence] is consecutive to [the Second Sentence].*

(Department's Br. at 6 (emphasis added).) As evidenced above, the Department's reading of the sentencing order necessitates replacing the word "concurrent" with "consecutive." Such a reading, however, is impermissible. When computing an inmate's sentence, "[t]he text of the sentencing order is determinative of . . . the sentence imposed." *Comrie*, 142 A.3d at 1001. Although the Department attempts

---

[1] A writ of mandamus compels the performance of a ministerial and mandatory duty. *Chadwick v. Dauphin Cty. Office of Coroner*, 905 A.2d 600, 603 (Pa. Cmwlth. 2006), *appeal denied*, 917 A.2d 847 (Pa. 2007). To prevail in mandamus, the petitioner must demonstrate: a clear legal right for performance of an act by the government; a corresponding duty in the government to perform the ministerial act and mandatory duty; and the absence of any other appropriate or adequate remedy. *Id.* A mandatory duty is "one which a public officer is required to perform upon a given state of facts and in a prescribed manner in obedience to the mandate of legal authority." *Filippi v. Kwitowski*, 880 A.2d 711, 713 (Pa. Cmwlth. 2005). Where the public official has discretion in how to perform the act, mandamus may compel the exercise of discretion, but it may not interfere with the manner in which the discretion is exercised. *Chadwick*, 905 A.2d at 604.

4

to buttress its interpretation by claiming that the orders need to be "read together," it cites to no authority to support this proposition. Further, the Department fails to elaborate as to how reading the orders together results in the word "concurrent" being changed to "consecutive." In short, the Department is attempting to replace the plain text of the sentencing order with its preferred reading. We decline to follow suit. "[T]o allow agencies not to enforce orders as written because they believe an order did not follow the law violates the litigant's due process and lessens the effect of judicial orders by allowing agencies to play 'catch me if you can' with litigants and courts." *Sturgis v. Doe*, 26 A.3d 1221, 1229 (Pa. Cmwlth. 2011) (Pellegrini, J., concurring). Accordingly, the Department has failed to establish that it is entitled to judgment as a matter of law, and, accordingly, we deny the Department's motion.

We now turn to Montgomery's motion for judgment on the pleadings, wherein he argues that his total sentence should be 4 years, 5 months, 15 days to 9 years, 11 months. Although Montgomery's preferred reading of the sentencing forms avoids changing the text of the forms, it fails to take into account the effect of mandatory aggregation of his consecutive sentences. Section 9757 of the Sentencing Code, 42 Pa. C.S. § 9757, pertaining to consecutive sentences, provides:

> Whenever the court determines that a sentence should be served consecutively to one being then imposed by the court, or to one previously imposed, the court shall indicate the minimum sentence to be served for the total of all offenses with respect to which sentence is imposed. Such minimum sentence shall not exceed one-half of the maximum sentence imposed.

Pursuant to Section 9757 of the Sentencing Code, once a sentencing court imposes a consecutive sentence, aggregation with other consecutive sentences is automatic and mandatory. *Gillespie v. Dep't of Corr.*, 527 A.2d 1061, 1065 (Pa. Cmwlth. 1987),

5

*appeal denied*, 540 A.2d 535 (Pa. 1988). By its plain text, aggregation under Section 9757 applies to sentences imposed at different times.

Here, the sentencing form for the Second Sentence provides that it runs consecutive to the First Sentence, thereby aggregating the two sentences. The sentencing form for the Third Sentence provides that the sentence runs *concurrent* to the First Sentence and *consecutive* to the Second Sentence. Accordingly, as it is consecutive to the first two sentences, the Third Sentence must aggregate with the previously aggregated First and Second Sentences. The Third Sentence, however, must also run concurrent to the Second Sentence. This creates an unworkable dilemma, as the Third Sentence cannot do both. Given that the Third Sentence is consecutive to the Second Sentence, pursuant to Section 9757 of the Sentencing Code, it must also aggregate with the First and Second Sentences. As such, the Second Sentence cannot also run concurrent to the First Sentence, because it is aggregated with the First Sentence. In light of these circumstances, we conclude that Montgomery has failed to establish that he is entitled to judgment as a matter of law in this matter. We, therefore, deny his motion for judgment on the pleadings.

Further, with regard to the Petition, we note that mandamus is not the proper vehicle for Montgomery to seek relief. The impracticability of Montgomery's sentence structure is not attributable to an erroneous calculation by the Department. Rather, it appears to be an error attributable to the sentencing court. Accordingly, Montgomery must file a habeas action with the sentencing court to seek clarification or correction. *See Commonwealth v. Heredia*, 97 A.3d 392, 395 (Pa. Super.), *appeal denied*, 104 A.3d 524 (Pa. 2014). As our Superior Court explained:

> If the alleged error is thought to be the result of an erroneous computation of sentence by the [Department],

6

then the appropriate vehicle for redress would be an original action in the Commonwealth Court challenging the [Department's] computation. If, on the other hand, the alleged error is thought to be attributable to ambiguity in the sentence imposed by the trial court, then a writ of *habeas corpus ad subjiciendum* lies to the trial court for clarification and/or correction of the sentence imposed.

*Id.*

Because this Court has no authority to correct a sentencing form, we also dismiss Montgomery's Petition without prejudice. Montgomery may file a habeas action with the sentencing court, seeking a clarification or correction to the sentencing form for the Third Sentence. Should Montgomery wish to challenge the Department's calculation of his sentence after any necessary clarifications or corrections by the sentencing court, he may file a mandamus action in this Court's original jurisdiction.

Accordingly, we deny the parties' cross-motions for judgment on the pleadings and dismiss the Petition without prejudice.

<br>

_____
P. KEVIN BROBSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph [Anthony] Montgomery,      :
               Petitioner      :
           :
         v.      :      No. 525 M.D. 2015
           :
Pennsylvania Department      :
of Corrections, et al.,      :
         Respondents      :

## O R D E R

AND NOW, this 22nd day of August, 2018, the motion for judgment on the pleadings filed by the Pennsylvania Department of Corrections is DENIED, and the motion for judgment on the pleadings filed by Joseph Montgomery (Montgomery) is DENIED. Further, the petition for review in the nature of mandamus filed by Montgomery is DISMISSED WITHOUT PREJUDICE.

                             P. KEVIN BROBSON, Judge