# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Obie Davis,                               :
                        Petitioner        :
                                          :
            v.                            :     No. 4 M.D. 2018
                                          :     Submitted:  June 29, 2018
PA. Department of Corrections,            :
                        Respondent        :


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE ELLEN CEISLER, Judge


*OPINION NOT REPORTED*


MEMORANDUM OPINION
BY JUDGE BROBSON                    FILED:  September 6, 2018


          Before the Court in our original jurisdiction is the preliminary objection in the nature of a demurrer filed by the Pennsylvania Department of Corrections (Department) to the petition for review in the nature of mandamus (Petition) filed by Obie Davis (Davis).   Davis, an inmate at the State Correctional Institution at Mahanoy, petitions this Court to order the Department to award him credit for time served while awaiting disposition of criminal charges.   For the reasons that follow, we overrule the Department's preliminary objection.

          On June 29, 2015, Davis received sentences of confinement stemming from various drug charges set forth at two separate criminal dockets. First, under docket number CP-46-CR-000806-2013, Davis received a sentence of time served to six months.  (*See* Ex. A of Petition.)  Second, under docket number

CP-46-CR-007278-2014, Davis received a sentence of time served to twenty-three months. (*See* Ex. B of Petition.) It appears that Davis was then returned to a Philadelphia correctional facility to await trial on unrelated gun charges under docket number CP-51-CR-0000152-2015. (S*ee id.*) On April 26, 2016, after being convicted on the gun charges, Davis received two concurrent sentences of three years, six months to seven years. (*See* Ex. D of Petition.) Notably, the sentencing form for the gun charges provided that Davis was to receive credit for time he served while awaiting disposition of the gun charges. (*See* Ex. C of Petition.) The sentencing form did not indicate the amount of credit Davis was to receive, but merely that the credit was to be calculated by the Philadelphia Prison System. (*Id.*)

On January 5, 2018, Davis filed the Petition with this Court, alleging that he is entitled to a credit of "approximately 300 days" for the time spent in custody awaiting disposition of the unrelated gun charges—June 29, 2015 to April 26, 2016.[1] (Petition ¶ 20.) Davis alleges that the Department has failed to credit him with this time, as directed by the sentencing form.

The Department then filed a preliminary objection in the nature of a demurrer, asserting that Davis has failed to establish that he is entitled to the relief he seeks. While the Department concedes that it did not apply any credit to Davis's sentences, it argues that it has not received any documentation that would indicate how much credit Davis was to receive.[2] (Preliminary Objection ¶¶ 24-25.)

---

[1] We note that, although Davis is seeking a credit of "approximately 300 days" for time served between June 29, 2015 to April 26, 2016, the difference between these two dates is exactly 302 days. Accordingly, this Court will interpret Davis's approximation to mean he is seeking credit for the exact amount of time served—whatever the correct amount—as opposed to his 300-day request.

[2] In ruling on preliminary objections in the nature of a demurrer, we must admit all well-pleaded material facts and any inferences reasonably deduced therefrom. *Danysh v. Dep't of*

Davis filed an answer to the Department's preliminary objection, maintaining his original averment that the Department failed to credit him for time served while awaiting disposition of the gun charges. (Answer to Preliminary Objection ¶¶ 6-10.) Further, Davis argues that the Department cited no authority that would indicate that the Department is required to wait to receive documentation before it may credit Davis with the time he served. (*Id.* ¶ 12.) Accordingly, Davis maintains that he has a clear right to relief in the form of compelling the Department to credit him with time served.

"[M]andamus is an extraordinary writ of common law, designed to compel performance of a ministerial act or mandatory duty where there exists a clear legal right in the plaintiff, a corresponding duty in the defendant, and want of any other adequate and appropriate remedy." *Bronson v. Pa. Bd. of Prob. & Parole*, 421 A.2d 1021, 1023 (Pa. 1980), *cert. denied*, 450 U.S. 1050 (1981). The Department has a mandatory duty to "faithfully implement[] sentences imposed by the courts" and properly compute an inmate's sentence. *Comrie v. Dep't of Corr.*, 142 A.3d 995, 1001 (Pa. Cmwlth. 2016). "A writ of mandamus will lie to compel [the Department] to properly compute a prison sentence." *Bright v. Pa. Bd. of Prob. & Parole*, 831 A.2d 775, 777-78 (Pa. Cmwlth. 2003).

Section 9760 of the Sentencing Code, 42 Pa. C.S. § 9760, governs credit for time served. Section 9760(1) authorizes credit for time spent in custody prior to

---

*Corr.*, 845 A.2d 260, 262-63 (Pa. Cmwlth. 2004), *aff'd per curiam*, 881 A.2d 1263 (Pa. 2005). Preliminary objections may be sustained only when the case is clear and free from doubt and "only where it appears with certainty that the law permits no recovery under the allegations pleaded." *Sweatt v. Dep't of Corr.*, 769 A.2d 574, 577 (Pa. Cmwlth. 2001). "Where a doubt exists as to whether a demurrer should be sustained, this doubt should be resolved in favor of overruling it." *Vattimo v. Lower Bucks Hosp., Inc.*, 465 A.2d 1231, 1232-33 (Pa. 1983) (citation omitted).

sentencing for the specific charge or conduct for which a sentence is imposed. Specifically, Section 9760(1) provides:

> After reviewing the information submitted under [S]ection 9737 (relating to report of outstanding charges and sentences) the court shall give credit as follows:
>
> (1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

42 Pa. C.S. § 9760(1). Accordingly, a defendant must be given credit for any days spent in custody before imposition of his sentence, but only if such commitment is attributable to the offense for which the sentence was imposed. *Cmwlth. v. Infante*, 63 A.3d 358, 367 (Pa. Super. 2013).

Here, the Department argues that Davis has failed to establish that he is entitled to relief because the Department has not received any documentation indicating how much credit Davis is to receive. The Department, however, does not argue that Davis is *not* entitled to receive credit. Rather, it argues that it does not know the amount of credit to which Davis is entitled. In so arguing, the Department tacitly acknowledges that Davis may be entitled to *some* relief, albeit an unknown amount. Thus, at this early stage, it is not clear and free from doubt that Davis is not entitled to credit for time served.

Accordingly, the preliminary objection filed by the Department is overruled.

_____
P. KEVIN BROBSON, Judge

4

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Obie Davis, : 
      Petitioner : 
        : 
    v. :  No. 4 M.D. 2018
        : 
PA. Department of Corrections, : 
      Respondent : 

# **O R D E R**

   AND NOW, this 6th day of September, 2018, the preliminary objection filed by the Pennsylvania Department of Corrections (Department) is OVERRULED. The Department shall file an answer to Obie Davis's petition for review in the nature of mandamus within thirty days of this order.

             _____

             P. KEVIN BROBSON, Judge