IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dormen Lisby,                   :
               Petitioner     :
                                 :
        v.                  :    No. 506 M.D. 2020
                                 :    Submitted: February 4, 2022
Pennsylvania Department      :
of Corrections,             :
               Respondent   :

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE CHRISTINE FIZZANO CANNON, Judge
               HONORABLE LORI A. DUMAS, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE DUMAS                              FILED: March 22, 2022

       The Pennsylvania Department of Corrections (DOC) has filed Preliminary Objections in the nature of a demurrer to a Petition for Review seeking mandamus relief filed *pro se* by Dormen Lisby (Petitioner). Petitioner asserts that DOC has miscalculated the minimum and maximum dates of his sentence. After review, we sustain DOC's Preliminary Objections and dismiss the Petition with prejudice.[1]

## Background

       Petitioner is an inmate currently incarcerated at the State Correctional Institution at Frackville (SCI-Frackville). On August 8, 1996, Petitioner was arrested and charged with criminal homicide and related crimes. These new charges were a violation of Petitioner's existing probation. The Court of Common Pleas of Philadelphia County (trial court) revoked Petitioner's probation and, on April 10,

---

[1] This Court has original jurisdiction over this matter. 42 Pa. C.S. § 761.

1997, resentenced Petitioner to three and one-half to seven years of incarceration (VOP sentence).

Petitioner pleaded guilty to his new charges. On December 8, 1997, the trial court sentenced Petitioner to an aggregate 25 to 50 years of incarceration (homicide sentence). The court instructed DOC that Petitioner's sentence was to be served "concurrent[ly] with any other sentence [he] is now serving" and that he was entitled to credit for time served from "8/8/96 to 12/8/97 if not already credited." Amended Pet. for Review, 4/29/21, at 9 (unpaginated), Commitment Order, 12/8/97 (Commitment Order).

DOC calculated that Petitioner's minimum date for release was April 7, 2022, and his maximum date was April 7, 2047. Petitioner disputed this calculation and filed a grievance asserting that this minimum date, as calculated by DOC, was 26 years after his arrest instead of the 25 years imposed by the trial court. Petitioner exhausted his administrative remedies without relief.

On September 1, 2020, Petitioner filed a Petition for Review with this Court, seeking a writ of mandamus compelling DOC to recalculate the effective date of his sentence to be "August 8, 1996[,] with the maximum expiry date of August 8, 2046." Pet. for Review, 9/1/20, at 7. In response, DOC filed Preliminary Objections in the nature of a demurrer, asserting that Petitioner was not awarded credit for time served from April 10, 1997, to December 8, 1997, because such time was credited to his VOP sentence. Preliminary Objections, 4/6/21, ¶ 21. Thus, according to DOC, it was without legal authority to grant Petitioner the relief he sought. *Id.* ¶¶ 23-24.[2]

---

[2] On April 23, 2021, Petitioner filed an "Amended Petition for Review," in which Petitioner did not allege any new claim, essentially repeating his initial averments and attaching several relevant documents, including DOC's response to his grievance and the trial court's commitment orders. We view this filing as a supplement to his Petition for Review.

**Discussion**

In ruling on preliminary objections in the nature of a demurrer, this Court must accept as true all well-pleaded material facts and all inferences reasonably deducible therefrom. *Barndt v. Pa. Dep't of Corr.*, 902 A.2d 589, 592 (Pa. Cmwlth. 2006). We will consider not only the facts pleaded in the petition for review, but also any documents or exhibits attached to it. *Lawrence v. Pa. Dep't of Corr.*, 941 A.2d 70 (Pa. Cmwlth. 2007). It is not necessary to accept as true any averments in the petition for review that conflict with exhibits attached to it. *Id.* A demurrer must be sustained where it is clear and free from doubt that the law will not permit recovery under the alleged facts; any doubt must be resolved by a refusal to sustain the demurrer. *Kretchmar v. Commonwealth*, 831 A.2d 793 (Pa. Cmwlth. 2003).

A writ of mandamus is an extraordinary remedy. *Hoyt v. Pa. Dep't of Corr.*, 79 A.3d 741, 742 (Pa. Cmwlth. 2013). It is "designed to compel the performance of a ministerial act or mandatory duty." *Allen v. Dep't of Corr.*, 103 A.3d 365, 369 (Pa. Cmwlth. 2014) (citation omitted). Mandamus does not establish legal rights; the purpose of a writ of mandamus is to "enforce those rights already established beyond peradventure." *Id.* (citation omitted). Therefore, we "may only issue a writ of mandamus where the petitioner possesses a clear legal right to enforce the performance of a ministerial act or mandatory duty, the [respondent] possesses a corresponding duty to perform the act, and the petitioner possesses no other adequate or appropriate remedy." *Detar v. Beard*, 898 A.2d 26, 29 (Pa. Cmwlth. 2006) (citation omitted).

Petitioner asserts that DOC miscalculated the minimum and maximum dates of his homicide sentence. *See* Petitioner's Br. at 1-2. According to Petitioner,

3

despite clear instructions from the trial court that his sentences were to be served concurrently and that he was entitled to credit for time served, DOC failed to award him any credit for time served from April 10, 1997, to December 8, 1997. *See id.* at 3-4. Additionally, Petitioner disputes the manner in which DOC subtracted days from the date his homicide sentence commenced, suggesting that this "subtraction method" facilitated DOC's manipulation of his minimum date of release from incarceration. *See id.* at 5. Petitioner's claims are without merit.[3]

A sentence shall "be construed so as to give effect to the intention of the sentencing judge. The text of the sentencing order is determinative of the court's sentencing intentions and the sentence imposed." *Allen*, 103 A.3d at 371 (citations omitted). DOC must "faithfully implemen[t] sentences imposed by the courts." *Comrie v. Pa. Dep't of Corr.*, 142 A.3d 995, 1001 (Pa. Cmwlth. 2016) (citation omitted).

"As part of the executive branch, DOC lacks the power to adjudicate the legality of a sentence or to add or delete sentencing conditions." *Detar*, 898 A.2d at 30 (citation omitted). "Where a sentencing court clearly gives credit . . . for time served, it is DOC's duty to carry out that sentencing order." *Allen*, 103 A.3d at 372 (citation omitted). However, it is well settled that a prisoner is not entitled to credit for time served on an unrelated offense or applied on another sentence. *See Jackson v. Vaughn*, 777 A.2d 436 (Pa. 2001); *Taglienti v. Dep't of Corr.*, 806 A.2d 988 (Pa. Cmwlth. 2002).

---

[3] Petitioner also asserts that DOC miscalculated credit toward his VOP sentence. *See* Petitioner's Br. at 2-3. That is inaccurate. Petitioner began serving his VOP sentence on April 10, 1997. He completed serving that sentence on April 10, 2004. *See* Petitioner's Amended Pet. for Review at 12 (unpaginated), Sentence Status Summary. Regardless, Petitioner's assertion is irrelevant because this VOP sentence ran concurrent to his sentence for criminal homicide and expired long before the homicide sentence.

The relevant facts are clear. Petitioner was arrested for homicide and related crimes on August 8, 1996, and he has remained in custody since that date. These charges were a violation of his existing probation, which was revoked on April 10, 1997, and resulted in the VOP sentence. On December 8, 1997, the trial court imposed the homicide sentence. The trial court instructed that the homicide sentence would run concurrently with any other sentence Petitioner was currently serving and that Petitioner was entitled to credit for time served, provided it had not been credited to another sentence. *See* Commitment Order.

Petitioner received no credit toward his VOP sentence for time served from August 8, 1996, to April 10, 1997. *See* Petitioner's Amended Pet. for Review at 7 (unpaginated), Memo of Myrtis A. Gordon. Therefore, Petitioner was entitled to 245 days credited toward his homicide sentence. Conversely, because Petitioner began serving his VOP sentence on April 10, 1997, DOC had no authority to credit Petitioner any additional time toward his homicide sentence. *See* Commitment Order.

In calculating Petitioner's minimum and maximum dates, DOC subtracted the 245-day credit from the actual date of his homicide sentence. This credit for time served effectively altered the date on which Petitioner began serving his homicide sentence. In other words, although the trial court actually imposed sentence on December 8, 1997, the credit awarded Petitioner translates into an effective date of April 7, 1997, *i.e.*, 245 days earlier. From this effective date, DOC properly calculated that Petitioner's minimum date would be twenty-five years and his maximum date would be fifty years thereafter. Thus, Petitioner's minimum date is April 7, 2022, and his maximum date is April 7, 2047. *See* Petitioner's Amended Pet. for Review at 8 (unpaginated), Grievance Review Response.

5

## Conclusion

DOC has carried out Petitioner's homicide sentence properly, calculating Petitioner's credit for time served as instructed by the trial court. Accordingly, we sustain DOC's Preliminary Objections and dismiss Petitioner's Petition for Review with prejudice.

_____
LORI A. DUMAS, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dormen Lisby, : 
                Petitioner : 
                             : 
          v. :   No. 506 M.D. 2020
                             : 
Pennsylvania Department : 
of Corrections, : 
                Respondent : 

## **O R D E R**

AND NOW, this 22nd day of March, 2022, the Preliminary Objections in the nature of a demurrer filed by the Pennsylvania Department of Corrections are sustained, and the Petition for Review filed by Dormen Lisby is dismissed with prejudice.

 

                       _____

                       LORI A. DUMAS, Judge