NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 22-2507
_____

ROBERT COMRIE,
Appellant

v.

DENISE WOOD; RANDALL N. SEARS, Deputy Chief Counsel for the Department of
Corrections; VINCENT MAZESKI, Assistant Counsel for the Pennsylvania Department
of Corrections

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 3-17-cv-00027)
District Judge: Hon. Keith A. Pesto

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
(April 18, 2023)

Before: HARDIMAN, PORTER, and FISHER, *Circuit Judges*

(Filed: April 24, 2023)

_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Robert Comrie appeals the District Court's summary judgment for three Pennsylvania Department of Corrections (DOC) officials whom Comrie sued for their alleged deliberate indifference to his wrongful imprisonment. We will affirm, essentially for the reasons stated by the District Court.

I

In 2004, Comrie was given a two-to-four-year sentence by the Clearfield County Court of Common Pleas and was incarcerated by the DOC. The sentencing judge credited Comrie with nearly three years' time served. Almost ten years later, however—while Comrie was on parole after serving other state and federal sentences—his sentencing credit was erroneously erased in one of his post-conviction challenges. DOC officials discovered the incorrect commitment form, called a DC-300B, and sought a bench warrant from Comrie's sentencing judge. Though the DOC officials caught the error, they thought themselves duty-bound to implement the mistaken form. At an *ex parte* hearing on the petition for a bench warrant, DOC counsel alerted the judge to the error—but the judge, apparently piqued by Comrie's convictions or litigiousness, declined to remedy it. The bench warrant issued, Comrie was arrested, and he returned to custody. Comrie was released the next year after his habeas petition was granted. But there's no dispute that he had served considerably more than his maximum sentence.

Comrie sued Denise Wood, Randall Sears, and Vincent Mazeski—DOC officials involved in the decision to seek a bench warrant—under 42 U.S.C. § 1983, claiming they violated his Eighth Amendment right against cruel and unusual punishment through their

deliberate indifference to state law and the court's failure to credit Comrie for time he had served. Following discovery, the parties cross-moved for summary judgment. The magistrate judge, who was presiding by consent of the parties under 28 U.S.C. § 636(c), denied Comrie's motion and granted the officials summary judgment. Comrie timely appeals.

## II[1]

This case arises under the Eighth Amendment. Yet Comrie cites no Eighth Amendment cases in either his motion for summary judgment or his opening brief. Instead, his argument is based on obviousness: because Comrie was incarcerated for what he says was over 1,000 days beyond his maximum sentence, his Eighth Amendment right was violated. Comrie's argument presupposes that the DOC officials caused the excessive incarceration. But as the District Court held, the facts and the law prove otherwise.

Pennsylvania law requires officials from the county in which a sentencing court sits to give the DOC the form DC-300B when transferring an inmate or after altering his sentence. *See Commonwealth v. Heredia*, 97 A.3d 392, 394 n.3 (Pa. Super. Ct. 2014) (discussing 42 Pa. Const. Stat. § 9764(a)). Here, following a Superior Court decision nearly ten years after Comrie's sentencing, county officials gave the DOC two DC-300B forms that erroneously erased the sentence credit awarded Comrie in 2004. That erasure rendered his parole premature, which prompted the DOC to respond.

---

[1] We have jurisdiction under 28 U.S.C. § 1291. The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1343.

3

Comrie insists that the Superior Court never vacated his previous credit; the Pennsylvania Commonwealth Court said otherwise. *See Comrie v. Pa. Dep't of Corr.*, 142 A.3d 995, 1001 (Pa. Commw. Ct. 2016) (it is "clear" that the Superior Court decision "specifically voided" Comrie's 2004 credit). But that quarrel is immaterial. DOC officials must faithfully apply sentences imposed by court order. They can't credit time served unless a court directs them to, and they can't *sua sponte* alter sentencing conditions. *McCray v. Pa. Dep't of Corr.*, 872 A.2d 1127, 1133 (Pa. 2005). Though form DC-300B is not, itself, a sentencing order, *Commonwealth v. Pierre*, 2018 WL 847646, at *1 (Pa. Super. Ct. Feb. 14, 2018), the DOC officials' reliance on the forms was routine—and reasonable. *See* 42 Pa. Const. Stat. § 9764(c.1)(3). Defendants even brought the 2012 DC-300Bs' credit error to the sentencing court's attention and requested its correction. Defendants took "affirmative steps" to fix the problem within the legal constraints they faced and their conduct was not "so inept or ineffectual" as to signal deliberate indifference. *Moore v. Tartler*, 986 F.2d 682, 687 (3d Cir. 1993).

III

Even if we agreed that Defendants were deliberately indifferent, they would receive qualified immunity. *See TD Bank N.A. v. Hill*, 928 F.3d 259, 276 n.9 (3d Cir. 2019) (permitting affirmance on any non-waived ground the record supports). Comrie fails to cite a single precedent, and we know of none, placing "beyond debate" the unconstitutionality of Defendants' actions. *Mullenix v. Luna*, 577 U.S. 7, 12 (2015) (per curiam) (cleaned up). So we cannot say that every reasonable official would have known that enforcing an apparently mistaken commitment order while flagging the mistake to

4

the court and asking the court to correct it was unconstitutional.

*    *    *

No one should be incarcerated a day beyond the time fixed by the court. So Comrie is right to complain about what happened to him. But a Pennsylvania judge's refusal to fix an error regarding time served does not make the Department of Corrections or its officials liable for the harm caused by circumstances beyond their control. In a more perfect world, Comrie would have filed an immediate petition for writ of mandamus and the state appellate court could have cured the problem. That the correction came much later through federal habeas relief does not make the DOC officials liable. We will affirm the District Court's summary judgment.