IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tresa Walker, LaTorya Davis :
and Travis Stambaugh, :
               Petitioners :
    :
    :
         v. : No. 300 M.D. 2022
    : Submitted: November 6, 2025
Mifflin County District Attorneys :
Office; Mayors Office for :
Borough of (Lewistown); :
Office of Attorney Generals; :
Mifflin County & Pennsylvania :
State Officials in their official :
capacities, :
            Respondents :

BEFORE:   HONORABLE CHRISTINE FIZZANO CANNON, Judge
             HONORABLE STACY WALLACE, Judge
             HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE LEAVITT        FILED:  January 13, 2026

Before this Court are the motions for judgment on the pleadings filed by Respondents, Mifflin County District Attorney's Office and Mifflin County (together, District Attorney), and the Mayor's Office for the Borough of Lewistown and the Borough of Lewistown Police Department (together, Mayor) to the petition for review filed by Tresa Walker (Walker), LaTorya Davis (Davis), and Travis Stambaugh (Stambaugh) (together, Petitioners). We grant Respondents' motions and dismiss the petition.

## Background

On May 26, 2022, Petitioners filed a "petition for writ of mandamus and/or extraordinary relief" in this Court's original jurisdiction seeking to have

Respondents ordered to investigate and prosecute criminal assaults committed by Dwayne T. Jones (Jones).

The petition alleges that in June 2017, Jones, who is Davis' ex-boyfriend, physically assaulted her. In spite of a protection from abuse order, Jones continued to harass her. Petition ¶5. Then, on June 21, 2017, Jones set Davis' house on fire in an attempt to kill her and her three young daughters. *Id*. ¶6. Davis unsuccessfully sought help from the Lewistown Police Department and the Pennsylvania State Police to prosecute Jones.

The petition also alleges that in 2018, Jones "brutally assaulted" Walker and extorted money from her. Petition ¶8. After an assault on May 11, 2018, Walker contacted the Lewistown Police Department, who transported her to the police station for questioning. *Id*. ¶13. Subsequently, she contacted the Lewistown Police Department to file a criminal complaint against Jones, but it refused. Thereafter, Walker contacted the offices of the District Attorney and the Mayor, but they did not return any of her calls. Walker subsequently obtained a three-year protection from abuse order against Jones. *Id*. ¶18. Thereafter, on December 31, 2020, [Albert] Halty (Halty) assaulted Walker. After she reported this assault, the Lewistown Police Department contacted Halty, who agreed not to bother Walker again. *Id*. ¶20. The Lewistown Police Department did not allow Walker to file a police report or a criminal complaint against Halty. *Id*.

The petition requests the following relief: (1) an order compelling Respondents to institute criminal proceedings against Jones and Halty; (2) an order permitting Petitioners to file a complaint against the Lewistown Police Department and obtain an investigation by the Office of Attorney General; (3) an order compelling the Mayor to investigate and hold accountable corrupt officers of the

Lewistown Police Department; (4) assistance from the Crime Victims Advocate to help Walker obtain a protection from abuse order against Jones and relocate her to the Harrisburg area; and (5) an order prohibiting the District Attorney from prosecuting its criminal complaint against Stambaugh.[1]  Petition at 30.

Respondents filed preliminary objections in the nature of a demurrer to the petition for review.[2]  The District Attorney challenged the petition on the following grounds.  First, it argued that Stambaugh lacked standing because the petition did not allege facts to show that he was personally aggrieved by the conduct of either Jones or Respondents.  Second, it argued that Stambaugh, who is not an attorney, lacked authority to sign the petition on behalf of Walker and Davis.  Third, it argued that the County has governmental immunity under Section 8541 of what is commonly known as the Political Subdivision Tort Claims Act (Tort Claims Act), 42 Pa. C.S. §8541,[3] and the District Attorney has official immunity under Section 8545 of the Tort Claims Act as well as quasi-judicial immunity.  42 Pa. C.S. §8545.[4]  In

---

[1] On April 10, 2018, Stambaugh entered the apartment where Walker and Jones lived, took Jones's phone and $710 from his wallet, and threatened Jones.  *See Commonwealth v. Stambaugh* (Pa. Super., No. 2031 MDA 2019, filed January 6, 2021).  An altercation ensued, during which Jones was shot in the ear.  Stambaugh was charged with simple assault, recklessly endangering another person, theft by unlawful taking, receiving stolen property, criminal attempt—criminal homicide, aggravated assault, robbery, possession of a firearm prohibited, and firearms carried without a license. Following a jury trial, Stambaugh was convicted of simple assault, recklessly endangering another person, theft by unlawful taking, receiving stolen property and was acquitted of the remaining charges.  On November 15, 2019, Stambaugh was sentenced to 1 to 2 years' incarceration for simple assault to be followed by a consecutive sentence of 16 to 60 months' incarceration for theft by unlawful taking.  *Id*.

[2] The Attorney General has not filed preliminary objections or an answer in this matter.

[3] It states: "Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person."  42 Pa. C.S. §8541.

[4] It states: "An employee of a local agency is liable for civil damages on account of any injury to a person or property caused by acts of the employee which are within the scope of his office or

3

addition, the District Attorney requested the allegations on damages to be stricken from the petition due to insufficient specificity.

The Mayor's preliminary objections raised the same defenses raised by the District Attorney. Additionally, the Mayor sought dismissal of the petition for improper service. By order dated September 28, 2022, the Court directed Petitioners to serve the petition, with all exhibits attached, on Respondents in person or by certified mail as required by Pa.R.A.P. 1514(c) and file with the Court a certificate of service within 14 days. Petitioners did so on October 7, 2022.

By order of January 19, 2024, this Court overruled the preliminary objection asserting governmental immunity, official immunity, and quasi-judicial immunity as well as the challenge to Stambaugh's authority to bring this action. The Court sustained Respondents' challenge to Stambaugh's standing, and he was dismissed from the matter. The Court also sustained the challenge to Petitioners' claim for damages.

Thereafter, Respondents filed answers with new matter. In its new matter, the District Attorney alleges that on December 7, 2021, Stambaugh submitted a private criminal complaint to the District Attorney, alleging that Walker was the victim of robbery and assault on May 11, 2018. District Attorney New Matter ¶46. The private criminal complaint was assigned to the First Assistant District Attorney to investigate. On January 4, 2022, the District Attorney sent a letter to Stambaugh stating that the complaint lacked "prosecutorial merit and would be denied as a matter of prosecutorial discretion." *Id*. ¶47. On March 14, 2022, Stambaugh requested the Court of Common Pleas of Mifflin County to reverse the denial of his

duties only to the same extent as his employing local agency and subject to the limitations imposed by this subchapter." 42 Pa. C.S. §8545.

4

private criminal complaint, which relief the court denied. *Id*. ¶50. Neither Stambaugh nor Walker appealed this court order. *Id*. ¶51.

In May of 2023, Walker filed two arrest warrant affidavits, one against Jones, and the other against Halty, along with handwritten statements about the alleged assaults. *Id*. ¶52. At the time of this filing, Walker and Davis had a lawsuit pending against the County and the District Attorney. *Id*. ¶53. Believing the lawsuit created a conflict, the District Attorney requested the Office of Attorney General to accept the private criminal complaints for investigation, review and decision. *Id*. ¶54. On May 15, 2023, the Attorney General notified the District Attorney that it "would assume jurisdiction over the cases." *Id*. ¶55.

In its new matter, the Mayor alleges that Davis did not notify it of any alleged assault, harassment or threats by Jones. Mayor New Matter ¶31. Davis never reported a burglary of her home or a violation of a protection from abuse order. *Id*. ¶¶32-33. The Pennsylvania State Police investigated the fire at Davis' home and determined that it started in the kitchen but could not determine the fire's cause. *Id*. ¶36. Davis never asked to be interviewed by the Mayor on her claims that Jones assaulted her and tried to burn down her home. She never filed a citizens' complaint regarding any law enforcement official misconduct.

The Mayor alleges that on May 11, 2018, Walker appeared at the Lewistown Police Department to be interviewed. Thereafter, Walker walked to Services Access Management and was "transported via ambulance to a medical facility for psychiatric evaluation." *Id*. ¶49. No physical injuries were observed on Walker. *Id*. ¶¶51-59. Walker never filed a criminal or civil rights complaint, and she never requested the Mayor to transmit any private criminal complaints to the

5

appropriate authority.  *Id.* ¶¶14, 62, 78.  Walker has never filed a citizens' complaint for an alleged police coverup or corruption.  *Id.* ¶21.

Petitioners did not file an answer to Respondents' new matter.  As such, the averments made therein are deemed admitted.[5]

Thereafter, Respondents filed applications for summary relief in the nature of a motion for judgment on the pleadings.  The District Attorney argues that Petitioners seek to compel its office to exercise its discretion in a particular way, which is beyond the bounds of a mandamus action.  The Mayor argues that the claims of Walker and Davis should be dismissed because they are barred by the statute of limitations.  It also contends that the relief sought by Walker and Davis cannot be provided by the Mayor and, in any case, is not relief available in a mandamus action.

Petitioners did not file a brief in opposition to Respondents' motions for judgment on the pleadings.  Therefore, the matter will be decided on Respondents' motions and briefs.

---

[5] Pennsylvania Rule of Civil Procedure 1026(a) states:

> (a) Except as provided by Rule 1042.4 or by subdivision (b) of this rule [(pertaining to service outside the United States)], every pleading subsequent to the complaint shall be filed within twenty days after service of the preceding pleading, but no pleading need be filed unless the preceding pleading contains a notice to defend or is endorsed with a notice to plead.

Pa.R.Civ.P. 1026(a).  Respondents' answers and new matter were endorsed with a notice to plead. Thus, Petitioners had to file a reply within 20 days, which they failed to do.  Moreover, Rule 1029(b) of the Pennsylvania Rules of Civil Procedure states in pertinent part:

> (b) Averments in a pleading to which a responsive pleading is required are admitted when not denied specifically or by necessary implication. . . .

Pa.R.Civ.P. 1029(b).  "A plaintiff's failure to reply in a timely manner to a defendant's new matter results . . . in admission of the factual averments[.]"  *Edmond v. Southeastern Pennsylvania Transportation Authority*, 651 A.2d 645, 646 n.4 (Pa. Cmwlth. 1994) (quoting 3 Goodrich-Amram 2d §1029(b):5).

## Standard of Review

An application for summary relief is governed by Pennsylvania Rule of Appellate Procedure 1532(b), which provides that "[a]ny time after the filing of a petition for review in an appellate or original jurisdiction matter, the court may on application enter judgment if the right of the applicant thereto is clear." Pa.R.A.P. 1532(b). "Both an application for summary relief under Rule 1532 of the Pennsylvania Rules of Appellate Procedure and a motion for judgment on the pleadings under Rule 1034 of the Pennsylvania Rules of Civil Procedure[6] seek similar relief." *Pennsylvania Independent Oil & Gas Association v. Department of Environmental Protection*, 146 A.3d 820, 821 n.3 (Pa. Cmwlth. 2016).

In evaluating a motion for judgment on the pleadings, the Court views "all of the opposing party's allegations as true, and only those facts that the opposing party has specifically admitted may be considered against the opposing party." *Id*. Only the pleadings and documents properly attached thereto may be considered. *Id.* Judgment on the pleadings is granted only when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *Id.*

## Relevant Mandamus Principles

"A writ of mandamus is an extraordinary remedy available only to compel the performance of a ministerial act or mandatory duty on the part of a governmental body." *Comrie v. PA Department of Corrections*, 142 A.3d 995, 1000 (Pa. Cmwlth. 2016). To prevail, the "petitioner must establish a clear legal right to relief, a corresponding duty in the respondent, and that petitioner has no other adequate remedy at law." *Id*. Mandamus does not establish legal rights but, rather,

---

[6] Pa.R.Civ.P. 1034.

enforces rights that have been established. *Seguro Medico, LLC v. Humphreys*, 313 A.3d 298, 307 (Pa. Cmwlth. 2024) (quotation omitted).

"A writ of mandamus can be used to compel a public official to exercise discretion where the official has a mandatory duty to perform a discretionary act and has refused to exercise discretion." *Sinkiewicz v. Susquehanna County Board of Commissioners*, 131 A.3d 541, 546 (Pa. Cmwlth. 2015). Our Supreme Court has explained that "where by a mistaken view of the law or by an arbitrary exercise of authority there has been in fact no actual exercise of discretion, the writ will lie." *Tanenbaum v. D'Ascenzo*, 51 A.2d 757, 758 (Pa. 1947) (emphasis in original omitted). However, "where a public official 'is clothed with discretionary powers, and has exercised those powers, mandamus will not lie to compel a revision of the decision resulting from such exercise of discretion, though in fact, the decision may be wrong.'" *Sinkiewicz*, 131 A.3d at 546 (quoting *Anderson v. City of Philadelphia*, 36 A.2d 442, 444 (Pa. 1944)) (emphasis in original omitted). "The burden of proof falls upon the party seeking this extraordinary remedy to establish [her] legal right to such relief." *Id*. (quoting *Werner v. Zazyczny*, 681 A.2d 1331, 1335 (Pa. 1996)).

## Analysis

### I. District Attorney's Motion for Summary Relief

The District Attorney argues that Petitioners' request for a writ of mandamus fails as a matter of law because it has the discretion to approve or disapprove private criminal complaints, and it cannot be compelled to exercise its discretion in a particular manner by a writ of mandamus. We agree.

Pennsylvania Rule of Criminal Procedure 506 authorizes private citizens to request the initiation of criminal proceedings by submitting a private criminal complaint for review by an attorney of the Commonwealth – a district

8

attorney or the Attorney General. Pa.R.Crim.P. 506. Regarding the submission of private criminal complaints, Rule 506 states as follows:

> (A) When the affiant is not a law enforcement officer, the complaint shall be submitted to an attorney for the Commonwealth, who shall approve or disapprove it without unreasonable delay.
>
> (B) If the attorney for the Commonwealth:
>
> > (1) approves the complaint, the attorney shall indicate this decision on the complaint form and transmit it to the issuing authority;
> >
> > (2) disapproves the complaint, the attorney shall state the reasons on the complaint form and return it to the affiant. Thereafter, the affiant may petition the court of common pleas for review of the decision.

Pa.R.Crim.P. 506. In sum, Rule 506 authorizes the "attorney for the Commonwealth" to approve or disapprove the private criminal complaint. *Id.*

Here, upon receipt of the private criminal complaint of December 7, 2021, the First Assistant District Attorney investigated the allegations and determined that the complaint lacked merit. District Attorney New Matter ¶47 (quoting Exhibit 2). That decision was communicated to Stambaugh by letter of January 4, 2022, which stated as follows:

> Thank you for your December 7, 2021 letter and accompanying information. Upon receipt of the same I contacted the Lewistown Police Department and otherwise investigated your claims. *It would appear that the alleged robbery took place on the same day that you shot Mr. Jones. You do not have any first hand knowledge of the alleged incident.* Please be advised that the District Attorney's Office will not approve the Private Criminal Complaint you sent. The Complaint lacks prosecutorial merit and would be denied as a matter of prosecutorial discretion.

District Attorney New Matter, Exhibit 2 (emphasis added). Two months later, Stambaugh filed a petition for review with the Court of Common Pleas of Mifflin County, which was denied on April 21, 2022.[7] District Attorney New Matter ¶¶48, 50. Neither Stambaugh nor Walker appealed the common pleas court's final order. *Id*. ¶51. We conclude that the District Attorney has fulfilled its Rule 506 duties to review, investigate and rule on whether to pursue the private criminal complaint submitted by Stambaugh.

A district attorney has broad discretion in deciding whether to prosecute an alleged criminal offender. As our Supreme Court has explained: "A District Attorney has a general and widely recognized power to conduct criminal litigation and prosecutions on behalf of the Commonwealth, and to decide whether and when to continue or discontinue a case." *Konya v. District Attorney of Northampton County*, 669 A.2d 890, 892-93 (Pa. 1995) (quoting *Commonwealth v. Stipetich*, 652 A.2d 1294, 1295 (Pa. 1995)). A citizen has "no legal right to compel . . . a District Attorney to prosecute the individuals named in [a] private criminal complaint." *Id*. at 893. Here, Walker seeks to compel the District Attorney "to prosecute the individuals" named in the private criminal complaint, which cannot be done by a writ of mandamus. *Id*. Even so, the District Attorney cannot act in this case because

---

[7] The common pleas court order stated:

> AND NOW, this 21st day of April, 2022, upon consideration of Petitioner's Petition for Review for Denial of Private Criminal Complaint Pursuant to Pa. R. Crim. P. 506 "Approval of Private Complaints" said Petition is hereby **DENIED**. The Court finds that filing this Petition under the civil action for an expired [protection from abuse order] which Petitioner is not a party to, is improper. Further, the Court finds that service in this case was not proper. As such, Petitioner's Petition is DENIED. All subsequent filings shall be done in accordance with the Pennsylvania Rules of Civil and Criminal Procedure.

Petition, Exhibit No. N (emphasis in original).

10

the Office of Attorney General has notified the District Attorney that it "would assume jurisdiction over the cases." District Attorney New Matter ¶55.

As for Davis, she never submitted a private criminal complaint to the District Attorney. As such, there is no ministerial act or mandatory duty that has not been performed. Accordingly, Davis cannot be granted a writ of mandamus.

We grant the District Attorney's application for summary relief and dismiss the petition as against the District Attorney.

## II. Mayor's Motion for Summary Relief

The Mayor argues that the statute of limitations governing mandamus actions expired prior to the commencement of this action. Davis complains about actions that occurred in 2017. Davis had six months, or sometime in 2018, to institute a mandamus action. However, she did not file a petition for review until May 25, 2022. As for Walker, she complains about actions that occurred in 2018 and 2020. Therefore, she should have filed her suit no later than 2021, but she did not file suit until May 25, 2022.

The statute of limitations for a mandamus action is set forth in the Judicial Code, and it imposes a six-month time limitation for the initiation of a mandamus action against government officers. 42 Pa. C.S. §5522(b)(1). "The time within which a matter must be commenced" is computed "from the time the cause of action accrued[.]" 42 Pa. C.S. §5502(a). In other words, "[t]he statute of limitations begins to run as soon as the right to institute and maintain a suit arises[.]" *Dalrymple v. Brown*, 701 A.2d 164, 167 (Pa. 1997) (quoting *Pocono International Raceway, Inc. v. Pocono Produce, Inc.*, 468 A.2d 468, 471 (Pa. 1983)).

In *Township of Bensalem v. Moore*, 620 A.2d 76 (Pa. Cmwlth. 1993), a police officer initiated a mandamus action, contending that the township failed to

11

provide him with a notice and hearing as required by the Police Tenure Act[8] prior to terminating his employment. Because the police officer was terminated in March 1988 and filed the complaint in November 1989, his action was barred by the six-month period in Section 5521(b)(1) of the Judicial Code. *See also Schneller v. Prothonotary of Montgomery County* (Pa. Cmwlth., No. 1316 C.D. 2016, filed September 12, 2017) (unreported)[9] (holding that mandamus action filed in 2015 against prothonotary for occurrences that took place in 2010 was barred by the six-month statute of limitations).

Here, Petitioners contend that, under the law, the Mayor had a duty to accept and investigate complaints of police officer misconduct.[10] The petition alleges that in 2017 and 2018, Walker and Davis attempted to file citizens' complaints about police misconduct but the Mayor refused to accept them. It was at this moment that Petitioners' claims accrued. However, Petitioners waited until May 2022 to file their petition for review in the nature of a mandamus action. As such, their petition is barred by the statute of limitations. Accordingly, the Mayor's application for summary relief will be granted and the petition dismissed.

## Conclusion

Because we conclude that Respondents' rights to relief are clear and no material issues of fact are in dispute, we grant the motions for judgment on the

---

[8] Act of June 15, 1951, P.L. 586, *as amended*, 53 P.S. §§811-816.

[9] Unreported decisions of this Court issued after January 15, 2008, may be cited for their persuasive value, but not as binding precedent. Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

[10] A borough mayor's statutory powers and duties are outlined by the Borough Code. *See* 8 Pa. C.S. §§10A01-10A08. Concerning police, the mayor has "full charge and control of the chief of police and the police force." 8 Pa. C.S. §1123.1(a).

pleadings filed by the District Attorney and the Mayor and dismiss Petitioners' petition for review.

_____
MARY HANNAH LEAVITT, President Judge Emerita

13

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tresa Walker, LaTorya Davis          :
and Travis Stambaugh,                :
     Petitioners          :
           :
     v.               :  No. 300 M.D. 2022
           :
Mifflin County District Attorneys    :
Office; Mayors Office for            :
Borough of (Lewistown);              :
Office of Attorney Generals;         :
Mifflin County & Pennsylvania        :
State Officials in their official    :
capacities,                          :
     Respondents          :

# **O R D E R**

AND NOW, this 13th day of January, 2026, we hereby GRANT Respondents' motions for judgment on the pleadings and DISMISS the petition for review filed by Tresa Walker, LaTorya Davis, and Travis Stambaugh.

                 _____
                 MARY HANNAH LEAVITT, President Judge Emerita